## GEORGE et al. v. CURTAIN.

No. 13958—Opinion Filed March 10, 1925.

Rehearing Denied June 2, 1925.

(Syllabus.)

### 1. Oil and Gas — Leases — Construction — Rights Conveyed.

Oil and gas leases are to be interpreted as other contracts of like importance, and all rights claimed by the lessee, which are not conferred in direct terms, or by fair implication, from those which are so granted, are to be considered withheld. It is the duty of the courts to construe contracts as written, and not to enlarge upon the contract and make new contracts for the parties regarding matter upon which their minds have not met.

### 2. Same—Silence of Contract as to Casing-head Gas.

S. entered into an oil and gas lease contract with G.; the lease contract specifically referred to and fixed the rights of the parties as applied to gas wells and as applied to oil wells, no mention being made of casinghead gas to be used from an oil well. Held, the disposition of casinghead gas from an oil well was not within the contemplation of the parties to the contract, and the terms of the lease do not apply thereto.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by William Curtain, a minor, by guardian, against E. B. George and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. Hubert Courtney, Y. P. Broome, W. P. McGinnis, and J. C. Wilhoit, for plaintiffs in error Oklahoma Petroleum & Gasoline Company and Tidal Refining Company.

Ed Nixon, for plaintiffs in error E. B. George and Ohiokla Oil Company.

G. C. Spillers, for defendant in error.

PHELPS, J. Plaintiff brought suit against defendants in the district court of Tulsa county, Okla., to recover the value of certain casinghead gas, which plaintiff alleged defendants bought and used, and thereby converted, from the oil wells operated under a lease from plaintiff. The provision of the lease in question contained the following clause:

"Lessees agree to pay as royalty the sum of 12½ per cent. of the gross proceeds on the lease premises of all crude oil extracted from the said land, such payments to be made at the time of sale or disposition of the oil, and the lessee shall pay in yearly payments at the end of each year $200 on each gas producing well which they use."

Plaintiff claimed that under the foregoing provisions of the lease defendants were not entitled to buy from the lessee and use the casinghead gas from the oil wells on the leased premises without paying plaintiff for the same. He, therefore, brought suit and obtained judgment for the amount defendants admitted they had paid for the casinghead gas in question, and from this judgment defendants have appealed to this court.

As there appears to be no dispute as to the amount of casinghead gas bought from the lessee and used by plaintiffs in error, as we view it, the sole question for us to determine herein is the construction to be placed upon the lease contract. This lease contract was made on the 15th day of February, 1912, at a time when the value of casinghead gas was practically unknown. It is contended by plaintiffs in error, who were the defendants below, that under the terms of the lease contract the owners of said lease had a right to sell or use the casinghead gas in question. While, on the other hand, the plaintiff below, who is the defendant in error here, insisted that, inasmuch as the lease contract did not cover the question of the casinghead gas, that commodity belonged to him, and as defendants had converted it, he was entitled to the value thereof.

In the case of Hammett Oil Company v. Gypsy Oil Company, 95 Okla. 235, 218 Pac.

501, this court had under consideration a similar contract, and in the syllabus in that case this court said:

"However broad may be the terms of a contract, it extends only to those things concerning which it appears the parties intended to contract.

"Oil and gas leases are to be interpreted as have others of like importance, and all rights claimed by the lessee which are not conferred in direct terms, or by fair implication, from those which are so granted, are to be considered withheld."

Section 5044, Comp. Stats. 1921, provides:

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."

And section 5046, Comp. Stats. 1921. provides:

"A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties."

And section 5047, Comp. Stats. 1921, provides:

"The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

In the case of Phillips et al. v. Henderson Gasoline Company, 101 Okla. 277, 225 Pac. 668, in the third paragraph of the syllabus this court said:

"It is the duty of the court to construe contracts as written, and not to enlarge upon the contract and make new contracts for the parties regarding matter upon which their minds have not met."

It will be observed that the parties contracted specifically regarding oil wells and gas wells, and the contract is silent as to the disposition of gas produced from an oil well, and, therefore, a different rule obtains to the rule laid down by this court in the case of Mussellem v. Magnolia Petroleum Company, 107 Okla. 183, 231 Pac. 526, and followed by this court in the case of Pautler v. Franchot, 108 Okla. 130, 235 Pac. 209. In those cases the lease contracts specifically fixed the right of the parties where gas was used from an oil well, but where the lease contract in the case at bar was made prior to the time when casinghead gasoline was known to be of commercial value, and no mention made of the casinghead gas to be taken from the oil wells, we are forced

to the conclusion that that subject was not within the contemplation of the parties when the lease contract was entered into, and is, therefore, not covered or controlled by said lease contract. Smith v. Pulaski, 88 Okla. 47, 211 Pac. 104; Mullendore v. Minnehoma Oil Company, decided by this court Nov. 12, 1924. Therefore, since the plaintiffs in error bought and used the casinghead gas from the lessee, who, under the terms of their lease contract. had no right to use or sell it, plaintiffs in error should be required to account to and pay the defendant in error therefor. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON. V. C. J., and HARRISON, MASON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 13 C. J. p. 525; 27 Cyc, pp. 722, 725 (1926 Anno); (2) 27 Cyc, p. 725 (1926 Anno).