CUTRIGHT et ux. v. RICHEY et ux.

No. 35287.   April 21, 1953.

*257 P. 2d 286.*

Ralph D. Smith, Cordell, for plaintiffs in error.

414

Jones & Wesner, Cordell, and Wise & Ivester, Sayre, for defendants in error.

WELCH J. This is an action brought by W. S. Richey and Eunice Richey against Ruhl K. Cutright and Martha Cutright, and numerous other parties, to quiet title to an undivided 70/160 mineral interest in and to 160 acres of land located in Washita county, Oklahoma.

It appears that on the 8th day of July, 1938, plaintiffs, who were then the owners and holders of a fee-simple title to the land in question, executed a mineral deed to C. R. Walbert whereby they conveyed to him an undivided one-half mineral interest in and to said premises; that Walbert thereafter conveyed fractional mineral interests to the land in question to others, among whom was Wm. T. Payne, and to him he conveyed a 30/160 undivided mineral interest in and to the premises.

On the 29th day of December, 1941, Wm. T. Payne, by quitclaim deed, conveyed all his right, title and interest in the premises to the "Record Title Holder." On the 29th day of November, 1948, Mr. Payne executed a second quitclaim deed whereby he conveyed all his right, title and interest in and to said premises to plaintiff herein, W. S. Richey. The deed recites that it is executed in order to correct a prior quitclaim deed executed to the "Record Title Holder" on the 29th day of December, 1941.

On the 7th day of December, 1946, plaintiffs, by warranty deed, conveyed the above-mentioned premises to defendants Ruhl K. Cutright and Martha Cutright. The evidence, however, shows that neither of the parties to this deed had any knowledge of the execution of the "Record Title Holder" quitclaim deed by Mr. Payne at the time the deed was executed, and did not obtain knowledge thereof until February, 1949, at which time the abstract to the premises was examined. Mr. Payne, the party who executed the "Record Title Holder" deed, testified that he did not notify any of the parties to this proceeding of the execution of such deed; that he executed the deed for the reason that he desired to dispose of his interest in the property conveyed; that he recorded the deed and paid for the recording and that he received no consideration for the deed. This quitclaim deed, however, was of record at the time plaintiff executed his warranty deed to defendants Cutright, and they therefore had constructive notice of the existence of such deed.

The main controversy here arises over the construction which should be given to the "Record Title Holder" quitclaim deed. It is the contention of plaintiffs and defendants Cutright that the deed is indefinite and uncertain as to the grantee intended by the grantor by his designation as "Record Title Holder" and that parol evidence was therefore admissible in order to establish his identity. Mr. Payne, the grantor in that deed, was permitted to testify over the objection of defendants other than defendants Cutright, that by his designation of grantee as the "Record Title Holder" he meant the holder of the fee-simple title and he intended to convey his interest to the holder of such title; that he did not intend to convey his interest to the various holders of mineral interests in and to the land.

The trial court at the conclusion of the evidence on motion of defendants, other than defendants Cutright, struck all of this evidence and also excluded the correcting quitclaim deed executed by Wm T. Payne, and in its findings and conclusions refused to consider such evidence. In this respect, the court found:

" * * * This instrument should be interpreted by the Court without the necessity of parol testimony relative thereto, and the Court has heretofore sustained the motion to strike parol testimony by which the party seeks to show the intention of the grantor. The Court is of the opinion that this instrument conveys the interest of William T. Payne to the thirty acres of minerals which he held to the remaining

holders of the minerals as they existed at the time of this conveyance, to-wit: December 29, 1941, in proportion to their respective interest in the minerals at this time. William T. Payne's interest in the real estate involved herein was limited to a thirty acre interest in the minerals, and his conveyance was therefore limited to a mineral interest. In this Court's opinion a mineral deed to the 'Record Title Holder' would have the legal effect of conveying the interest of the grantor to the remaining holder or holders of the minerals proportionate to his or their interest at the time of the conveyance."

Judgment was entered on the above finding quieting title to the 30/160 undivided mineral interest herein involved in the various holders of mineral deeds in accordance with their respective interests.

Defendants Cutright appeal and contend that the court erred in excluding the above evidence, and erred in rendering judgment in favor of the various holders of mineral interests. Plaintiffs cross-appealed making the same contention. Their appeal, however, was dismissed by this court for the reason that it was not filed in time.

We think the court should have considered the excluded evidence in arriving at its findings and conclusions. Under the record in this case there is more than one person who might come within the description "Record Title Holder." The owner of the fee-simple title who has his deed of record certainly would come within that description and the holders of mineral deeds in and to the land in question who had placed their mineral deeds of record might also come within that description.

It cannot be definitely ascertained from the deed itself as to the grantee intended by Mr. Payne by the designation or description "Record Title Holder." The deed in this respect is ambiguous and extrinsic or parol evidence was therefore admissible in order to identify the grantee.

Where a grantor in a deed describes his grantee in such manner as to make his identity uncertain, parol evidence is admissible in order to establish his identity. 26 C.J.S. Deeds, §24b; York v. Stone, 178 Wash. 280, 34 P. 2d 911; Hodgkiss v. Northland Petroleum Consol., 104 Mont. 328, 67 P. 2d 811.

We have many times held where the intent of the parties to a deed is plain, parol evidence is not admissible to prove an intent different from the terms of the deed, but where a deed possesses an element of uncertainty parol evidence is admissible in order to ascertain its true meaning. Purcell v. Thaxton, 202 Okla. 612, 216 P. 2d 574; First Nat. Bank & Trust Co. v. Bohanon's Heirs, etc., 199 Okla. 665, 189 P. 2d 612.

The trial court should have considered the excluded evidence and should have found that Wm. T. Payne, by his "Record title Holder" quitclaim deed, intended to and did convey to W. S. Richey all his right, title and interest in and to the 160 acres of land here involved.

The question remains: Did the 30/160 undivided interest in the minerals conveyed by Payne to plaintiff Richey pass to defendants Cutright under their warranty deed executed and delivered by plaintiffs to them? We think this question must be answered in the affirmative.

A warranty deed made and executed in substantial compliance with the statutes conveys to the grantee, his heirs and assigns, the whole interest in the premises described except as otherwise limited by the deed. 16 O.S. 1951 §19; Kimbley v. Luckey, 72 Okla. 217, 179 P. 928; Crookum v. Ketchum, 174 Okla. 468, 50 P. 2d 710. 16 O.S. 1951 §17 provides:

"All rights of a mortgagor or grantor in and to the premises described in the instrument and existing at the time or subsequently accruing, shall accrue to the benefit of the mortgagee or grantee, and be covered by his mortgage or conveyed by his deed, as the case may be."

416

In Skelly Oil Co. v. Butner, 201 Okla. 372, 205 P. 2d 1153, we held:

· "A deed of general warranty purporting to convey to the grantee the fee title of described lands without exception or qualification transfers to such grantee *every existing right* of the grantor pertaining to the premises described." (Emphasis ours.)

Under the above authorities we conclude that the title to the 30/160 undivided interest in and to the minerals in the land here involved passed to defendants Cutright under the warranty deed executed by plaintiffs.

The warranty deed executed by plaintiffs to defendants Cutright conveys to them the entire interest of plaintiffs to the premises therein described except a one-fourth undivided interest in the minerals in and under the land hereby reserved and retained by W. S. Richey. Immediately following this reservation appears the following clause:

"* * * It being understood that minerals hereby retained is in addition to undivided one-half interest in and to minerals under said lands heretofore conveyed."

Plaintiffs contend that the above clause should be construed as meaning and expressing an intent on the part of plaintiffs to convey to defendants Cutright one-fourth of the surface rights plus one-fourth of the mineral interest in and under the premises described and reserving unto them all remaining mineral interest. The language used does not justify such construction. The clause referred to performs no other function than to except the prior mineral grant from the conveyance and from the covenant of warranty. It does not in any manner enlarge upon the reservation contained in the deed or convert the one-fourth or 40/160 undivided mineral interest reserved into a 70/160 undivided interest as contended by plaintiffs and as alleged in their petition.

A grantor in his deed is presumed to have made all the reservations he intended to make and he is not permitted to derogate from his grant by showing that some reservation was intended, but not expressed. 16 Am. Jr. Deeds, §406; Charlie Tong v. Jacob Feldman, 152 Md. 398, 136 Atl. 822, 51 A.L.R. 1291.

The trial court should have found in favor of defendants Cutright, and should have quieted title in them to the 30/160 mineral interest involved in this action.

Reversed, with directions to enter judgment in accordance with the views herein expressed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.