Edwin R. McNEILL, Plaintiff in Error,

v.

Raymond W. SHAW, Leonard T. May, Samuel H. May, J. Sam May, and J. A. May, Defendants in Error.

No. 36881.

Supreme Court of Oklahoma.

Feb. 7, 1956.

Rehearing Denied March 27, 1956.

McNeill & McNeill, Tulsa, for plaintiff in error.

Swank & Swank, Stillwater, for defendants in error.

WELCH, Justice.

Raymond W. Shaw, Leonard T. May, Samuel H. May, J. Sam May and J. A. May brought this suit against Edwin R. McNeill seeking a determination of the respective

interests of the parties in the minerals in and under and being produced from certain lands, and to enjoin the defendant from asserting certain claims affecting the plaintiffs' interests in said property.

The issues were submitted to the trial court on documentary evidence and statements as to the facts by counsel for the parties.

It was shown that the plaintiffs are the owners in respective shares of an undivided $^{31}\!/_{32}$nd interest in the minerals in and under a certain 40 acres of land, and that the defendant is the owner of an undivided $^{1}\!/_{32}$nd interest in the minerals; such interests of the parties being subject to certain limitations as will be hereinafter noted.

Oil is being produced and taken from the land by a lessee under a lease of the premises that was executed by the plaintiffs and without the defendant signing the same.

The lease in terms is a grant of right to the lessee to produce and take oil from the land in consideration that the lessee deliver to lessors free of costs a $^{1}\!/_{8}$th part of the oil produced or the proceeds therefrom.

The plaintiffs claim $^{31}\!/_{32}$nds of $^{1}\!/_{8}$th of the oil being produced or the proceeds thereof, and the defendant claims a $^{1}\!/_{32}$nd part of the oil. The proceeds of a $^{1}\!/_{8}$th part of the production is being held in suspense.

The trial court made findings to the effect that plaintiffs are owners, in certain stated shares, of $^{31}\!/_{32}$nds mineral interest in the land, and that the defendant owns a $^{1}\!/_{32}$nd mineral interest; that the lease under which oil is being produced is a good and valid lease covering the interests of the parties hereto; that plaintiffs are the owners of an undivided $^{31}\!/_{32}$nd interest in a $^{1}\!/_{8}$th royalty as reserved under the lease, and the defendant is owner of an undivided $^{1}\!/_{32}$nd interest in the $^{1}\!/_{8}$th royalty reserved under said lease; that the defendant should be enjoined from asserting claim to any more than a $^{1}\!/_{32}$nd of $^{1}\!/_{8}$th of the oil reserved as royalty under the lease. Judgment was entered in accordance with the said findings.

In appeal from the judgment the defendant asserts error in the finding and holding of the court that the defendant was the owner of an undivided $^{1}\!/_{32}$nd of a $^{1}\!/_{8}$th royalty in the production of oil from the land and not the owner of a $^{1}\!/_{32}$nd part of all the oil produced from the premises. The assignments of error relate to the interpretation and construction of the certain instrument of conveyance representing the defendant's claim to ownership of interest in the lands involved.

The said instrument is styled "Sale of Oil and Gas Royalty," and recites a grant to Edwin R. McNeill, (the defendant herein), of an undivided one-thirty second ($^{1}\!/_{32}$nd) interest in the minerals in or under the certain described tract of land, and a covenant of the grantors that they are the owners of said land and unencumbered of and from all former grants, except an oil and gas leasehold estate. The instrument contains these further statements:

"It is hereby expressly declared that whereas the land, particularly described in this conveyance, is understood to be subject to an oil and gas mining lease in favor of Tulsa Oil and Gas Company, it is intended that said outstanding lease is fully embraced in the general terms of this conveyance, so as to pass to, and vest in said Edwin R. McNeill an undivided $^{1}\!/_{32}$nd interest, not only in the oil and gas, but also all rents and royalties therein reserved to the lessor, precisely as if said Edwin R. McNeill had been at the date of the making of said lease, the owner in fee of an undivided $^{1}\!/_{32}$nd interest in and to the lands described, and himself one of the lessors therein.

"* * *

"It is hereby agreed that the said J. Sam May and Orrie G. May and J. A. May and Roxie M. May (the defendant's grantors) may hereafter make any lease without the said Edwin R. McNeill joining therein."

The defendant in argument directs attention to certain allegations in the plaintiffs' petition and certain statements of plaintiffs' counsel before the trial court, and to the effect that "the interest owned by the defendant McNeill is a royalty in-

terest" and that the defendant's grantors recognized an obligation to the defendant, "and they agreed to give him a ⅟₃₂nd non-participating royalty interest and he agreed to accept that."

It is argued the word "royalty" means "a share of the whole of the oil and gas after production is had," and under the aforesaid pleading and admissions of the plaintiffs, it was an admitted fact that it was the intent of parties by the aforementioned instrument to convey a ⅟₃₂nd non-participating royalty interest, and thus the judgment of the trial court in construing the instrument as conveying only a ⅟₃₂nd of a ⅛th royalty is erroneous.

In Carroll v. Bowen, 180 Okl. 215, 68 P.2d 773, it is said:

"The term 'royalty' in the strict sense is held to mean a share of the product or proceeds therefrom, reserved to the owner for permitting another to use the property."

Herein, consistent with the whole subject-matter and prayer of the plaintiffs' petition, and their claims as orally presented before the court, it becomes apparent the plaintiffs' uses of the terms "royalty" and "royalty interest" therein, may have been in a strict sense and meaning of those terms such as was stated in the Carroll case, supra.

In the pleading and statements of the plaintiffs we find no clear admission of the claims of defendant by the plaintiffs. Indeed, the only evidence in the record as to the interests of the various parties in the land involved is presented in unchallenged documentary proof.

■ In Meeks v. Harmon, 207 Okl. 459, 250 P.2d 203, 204, it was aptly said:

"Where a written contract is complete in itself, and viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended. Whether a mineral interest or a royalty interest is conveyed or reserved depends upon the terms of the instrument."

■ We find the language of the instrument of conveyance to the defendant clearly speaks of a grant to defendant of an undivided one-thirty second (⅟₃₂nd) interest in the minerals in certain lands then subject to and under a certain oil and gas lease to another, and further that the defendant's grantors may hereafter make any lease without the defendant joining therein.

On the face of the said instrument it appears that at the time of its execution the defendant's grantors were owners of the oil and gas in the lands, limited by a former grant of oil and gas lease on the lands to another, and perforce the defendant's grantors could not have conveyed an interest in the oil and gas except as so limited.

We find the instrument clearly expresses an intendment by the parties thereto that the instrument was to convey a ⅟₃₂nd interest in the oil and gas in the land as limited by the terms of the existing oil and gas lease.

It was here shown the oil and gas lease was in terms a grant of an exclusive right and privilege to another to take the oil and gas from the land, reserving, as royalty, a ⅛th thereof to the owners. It follows that the conveyance to the defendant of a ⅟₃₂nd interest subject to the oil and gas lease was a grant to defendant of a ⅟₃₂nd of ⅛th of the oil and gas as is produced from the land.

That oil and gas is presently being produced from the land and under a subsequent lease of the premises is not material as affecting the interest that was conveyed to the defendant. He is presently entitled to a ⅟₃₂nd of ⅛th of the oil and gas produced from the land.

The judgment of the trial court is affirmed.