C. C. BURNS, Appellant,

v.

Alma AUDAS et al., Appellees.

No. 3367.

Court of Civil Appeals of Texas.

Eastland.

April 11, 1958.

Rehearing Denied April 25, 1958.

John O. Harris, Coleman, for appellant.

H. O. Woodward, Coleman, for appellees.

COLLINGS, Justice.

Alma Audas and Bertha Jones, joined by their husbands, and W. L. Audas brought this suit against C. C. Burns. Plaintiff alleged that they each owned a one-twelfth mineral interest in a 472.65 acre tract of land in Coleman County and that each was entitled to receive one-twelfth of the sum of $4,726.50, paid to defendant C. C. Burns as bonus money for an oil and gas lease on said land. The trial of the case was before the court without a jury. The court filed findings of fact and conclusions of law and on the basis of such findings and conclusions, entered judgment for each of the three plaintiffs as prayed, less certain items of expense incurred by Burns. C. C. Burns has brought this appeal.

The parties have agreed that title to the land in question was vested in the grantors and grantees of a partition deed dated May 24, 1948. The parties to said deed were six brothers and sisters, who were children of W. T. Burns, deceased, and of Mrs. Augusta Burns, who was also a party to the deed. Appellees, except W. L. Audas, were parties to the partition deed and W. L. Audas holds the interest of Hugh Burns, who was a party thereto. Appellant C. C. Burns was a party to the deed individually and as an executor to his father's will and has acquired the interest of the other heirs, except that held by appellees herein. The partition deed purported to divide among the parties the estate of the said W. T. Burns, deceased, subject to a life estate in Mrs. Augusta Burns in all the oil, gas and minerals thereon with remainder at her death passing in stated proportions to the other parties to the deed.

The record shows that appellees' ownership of an interest in the minerals in question is based upon the mineral reservations in the above mentioned partition deed. The partition deed conveyed the surface to certain tracts of land to the various parties thereto. The surface of one hundred acres of land in controversy was granted to appellant C. C. Burns subject to the mineral reservation set out below. The surface of 570 acres, in which is included 372.65 acres of the land here involved, was granted to Alma Audas, Beulah Boyles, Bertha Jones and C. C.

Burns in equal shares. Concerning this tract also there was a mineral reservation identical with the following, applicable to the C. C. Burns' one hundred acres, except that the name of "C. C. Burns" was changed to name the surface grantees of the said 570 acre tract. The mineral reservation applicable to the C. C. Burns' one hunderd acre tract was as follows:

"It is expressly agreed and stipulated however that there is hereby reserved and retained in and conveyed to Mrs. Augusta Burns a life estate in and to all the oil, gas and mineral, and mineral rights, in the lands herein conveyed to C. C. Burns. To have and to hold, use and enjoy unto her the said Mrs. Augusta Burns so long as she shall live and with remainder over at her death as to all unproduced oil, gas and minerals and mineral rights, unto the following persons, to-wit:

| | |
|---|---|
| Hugh Burns | 2/12ths |
| C. C. Burns | 3/12ths |
| Alma Audas | 2/12ths |
| Bertha Jones | 2/12ths |
| Beulah Boyles | 2/12ths |
| Claud Burns | 1/12th |

their heirs and assigns in fee simple forever and without remainder to anyone, with this proviso, however, that the said C. C. Burns his heirs and assigns, shall have and they are hereby granted full power and authority to execute oil, gas and mineral leases on said land and any portion of same, without the joinder of the other grantors or grantees herein, their heirs or assigns, which shall be effectual and binding to cover all of the oil, gas and mineral interest to all intents and purposes as if each of us, our heirs and assigns had executed the same in person; to have and to hold the tract aforesaid subject to the mineral reservation aforesaid and conveyance aforesaid unto C. C. Burns, his heirs and assigns forever."

On May 29, 1948, Beulah Boyles, who is not a party hereto, and appellees, Alma Audas and Bertha Jones, conveyed to C. C. Burns all of their interest in the surface of 372.65 acres of land here involved and reserved to each of the appellees a one-twelfth mineral interest in and to said tract of land. The wording of the provision concerning the minerals and reservation thereof was as follows:

"It is further agreed and stipulated that the grantors hereof to-wit, Bertha Jones, Alma Audas and Beulah Boyles do hereby reserve and retain unto themselves, their heirs and assigns an undivided 1/12th interest each in the rest, residue and remainder of the oil, gas and mineral rights in the lands hereby conveyed, and we hereby grant, sell and convey unto the said C. C. Burns and undivided 1/12th interest each in the oil, gas and minerals in the lands hereby conveyed subject to the life estate of the said Mrs. Augusta Burns in and to all of same."

"It is further expressly agreed and understood that at the death of the said Mrs. Augusta Burns the rest, residue and remainder of the oil, gas and minerals in the lands hereby conveyed will be vested in C. C. Burns; Bertha Jones, Alma Audas; Buelah Boyles, Hugh Burns and Claud Burns, their heirs and assigns in the following proportions to-wit:

| | |
|---|---|
| C. C. Burns | 6/12ths |
| Beulah Boyles | 1/12th |
| Bertha Jones | 1/12th |
| Hugh Burns | 2/12ths |
| Claud Burns | 1/12th |
| Alma Audas | 1/12th |

with this proviso, however, that the said C. C. Burns, his heirs and assigns, shall have and they are hereby granted full power and authority to execute all oil, gas and mineral leases on said lands and any portion of the same without the joinder of the other

Grantors or Grantees herein, their heirs or assigns which shall be effectual and binding to cover all of the oil, gas and mineral interest to all intents and purposes as if each of us, our heirs and assigns had executed the same in person; to have and to hold the tracts aforesaid subject to the mineral reservation aforesaid unto the said C. C. Burns, his heirs and assigns forever."

Mrs. Augusta Burns is now deceased.

The trial court made and filed the following conclusion of law:

"1. That the reservations in the deed in question do not authorize the defendants, C. C. Burns, to retain the bonus money for himself on leases made on the plaintiffs 1/12th mineral interest each.

The court further found that each of the plaintiffs were entitled to be paid their proportionate part of the bonus money for the two leases made by the defendant, after deducting the expenses of making the leases.

 Appellant contends that the court erred in holding that the reservations in the deeds in question retained in the grantors thereof the right to participate in the bonus money from oil and gas leases on the land in controversy. Appellant contends that the purported reservation of a mineral interest in each of appellees accompanied by a provision granting appellant the exclusive right to execute oil and gas leases was, in effect, the same as the reservation of only a royalty interest; that the provision granting C. C. Burns the exclusive right to execute oil and gas leases reduced appellees' purported mineral interest to a simple royalty interest without the right to bonuses or rentals. Appellant contends that the mineral reservations in question were at least ambiguous and in the absence of findings as to the intention and construction of the parties are insufficient to support the judgment.

We cannot agree with these contentions. The interests reserved in the deeds in question, in which interest appellees are owners of undivided fractional portions were interests "in and to all the oil, gas and mineral and mineral rights in the lands" in controversy. The ownership of an unrestricted mineral interest includes all the incidents of ownership, some of which are the right to execute oil, gas and mineral leases and the right to receive bonuses, rentals and royalties. The right to execute oil and gas leases is only one of the incidents of ownership of minerals. The fact that C. C. Burns, the owner of the surface and the owner of an undivided fractional interest in the minerals under this land was given the right to execute leases without the joinder of the other mineral owners does not deprive such other mineral owners of other incidents of ownership, that is, the right to participate proportionately in any bonuses, rentals and royalties. The reservation is not ambiguous but clearly contemplates a surrender of none of the incidents of ownership in the minerals reserved except appellees' right to execute oil and gas leases. Appellant's points to the effect that the court erred in holding that the reservation in the deeds in question retained in appellees the right to participate in bonus money from oil and gas leases on the land and that the reservation was at least ambiguous in this respect are overruled.

 We also overrule appellant's third point in which it is urged that the court erred in not entering judgment against appellees on appellant's plea of estoppel for a proportionate reduction in the bonus money due appellees because there was a breach of warranty concerning the mineral interest which Beulah Boyles and appellees Alma Audas and Bertha Jones purported to convey to appellant by deed dated May 29, 1948. The granting clause of the deed in question purported to convey "an undivided three-fourth's interest and all of our right, title and interest of

every character whatsoever in and to" the land in question. Appellees who were grantors in said deed together with Beulah Boyles were owners of an undivided three-fourths interest in the surface of the land purported to be conveyed to appellant, but, owned only an undivided 2/12ths interest each in the oil, gas and mineral rights. The granting clause, as above set out, taken alone, does indicate that the grantors therein were attempting to convey an undivided three-fourths interest in the minerals as well as the surface. However, in construing a deed the intention of the parties is determined by a consideration of the instrument as a whole. 14–B Tex.Jur. 719; Umscheid v. Scholz, 84 Tex. 265, 16 S.W. 1065. When the entire instrument under consideration is read it is apparent that the grantors did not intend to convey a three-fourths undivided interest in the minerals. The deed recited that the conveyance was subject to any and all valid, outstanding oil and gas leases on the land. It further recited that the conveyance was subject to the reservation contained in the partition deed of the heirs of W. T. Burns, deceased, and his surviving wife, Mrs. Augusta Burns. The reservation in the partition deed as hereinabove set out showed the proportional undivided mineral interest of each of the heirs and that appellees, each, owned only a 2/12th's interest in such minerals. The deed to appellant dated May 29, 1948, referred specifically to the reservation in the partition deed which shows that appellees only owned a 2/12th's undivided interest each in the minerals. It was recited in the deed of May 29, 1948, that Bertha Jones, Alma Audas and Beulah Boyles, each, reserved and retained in themselves an undivided 1/12th interest in the minerals in question and that such grantors were selling and conveying unto the said C. C. Burns an undivided 1/12th interest, each, in such oil, gas and minerals. The plain and unambiguous wording of the deed shows that the grantors therein intended to convey to appellant only a 1/12th interest, each, in the oil, gas and minerals in said land and not a three-fourths interest as appellant contends. There was no breach of warranty because grantors, each, owned a 2/12ths interest in the minerals which was more than each purported to convey to appellant. Each retained a 1/12th interest therein.

We overrule appellees' cross points urging that the court erred in reducing the amount of their recovery of bonus money by allowing appellant credit for certain items of expense incurred in leasing the land. Appellant Burns had authority to execute an oil and gas lease on the land in question, and appellees as we understand do not question his authority to incur necessary and reasonable expenses in connection therewith. Appellees complain, however, that some of the items of expense were incurred by appellant more than two years before the filing of this suit, and concerning these items appellees pleaded the two year statute of limitation. Other items of expense were incurred in a law suit brought by appellant for the purpose of clearing title to the land, but appellees did not authorize the suit and were not parties thereto. They contend that they were not liable for such expense.

The trial court found that all the expenses allowed as deductions from the bonus money were reasonable and necessary in order to make the lease. The court specifically found that the lease in question could not have been made without bringing the suit. Appellees have not shown this finding to be incorrect. Without the lease the bonus money would not have been paid. The court properly found that since appellees are being paid their portion of the bonus money there should be deducted therefrom their proportional part of the expense in securing same. 11–A Tex.Jur. 527; Shaw & Estes v. Texas Consolidated Oils, Tex.Civ.App., 299 S.W.2d 307. The statutes of limitation do not apply to appellant's claim that such necessary expenses be deducted from the

bonus money. Equity will not permit appellees to recover from appellant their portion of the bonus money without compensating him for his necessary and reasonable expenses in securing the bonus. Jasper State Bank v. Braswell, Tex.Com. App., 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; Markum v. Markum, Tex. Civ.App., 273 S.W. 296. In 11–A Tex. Jur. 558, it is stated:

"The statutes do not apply to those equities, as for contribution or reimbursement, which may be adjusted on partition. Such expenses, like improvements, may constitute equities in defense in a partition suit, and limitations do not apply to (such) defenses. The statute might bar the affirmative right to recover them."

The judgment of the trial court is affirmed.