Alice D. BEATON et al., Plaintiffs in Error,

v.

The PURE OIL COMPANY, an Ohio corporation, and Florence R. Lawrence, Defendants in Error.

No. 42639.

Supreme Court of Oklahoma.

March 9, 1971.

Rehearing Denied April 20, 1971.

Farmer, Woolsey, Flippo & Bailey, Richard L. Harris, Fred Gilbert, Tulsa, for plaintiffs in error.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, George S. Guysi, James L. Hall, Jr., Oklahoma City, Harold B. Dane, Stigler, for defendants in error.

HODGES, Justice.

The sole question presented on appeal is the meaning and legal effect of the phrase, "an undivided ———— interest" as contained in a mineral warranty deed. The trial court held the deed conveyed all of grantors' interest in the minerals.

We have only the deed to aid us in search for the intent of the parties to the conveyance, except for the record ownership.

The mineral warranty deed purports to convey minerals in a 40 acre tract by the following language; " * * *, an undivided ———— interest in and to all of the oil, etc. * * * and being,

The Southeast Quarter (SE 1/4) of the Southwest Quarter (SW 1/4) of Section Twenty (20), Township Eight (8) North, Range Nineteen (19) East, containing Forty (40) acres, more or less, according to the. Government survey thereof. containing 40 acres, * * *."

The grantors were Eugene McCurdy and Dorothy McCurdy, his wife and T. F. McCurdy and Bertha McCurdy, his wife. The grantors owned all of the interest in the 40 acres.

The question presented on appeal is whether the unfilled blank negates the validity of the conveyance for want of a written description. The contention is that the word "undivided" has a connotation of something less than the whole and since the fraction or per cent of interest is left blank there is no description of the interest conveyed. It is asserted that the absence of interest conveyed because of failure to fill in the blank or furnish the fraction or per cent of interest conveyed invalidates the deed as it is not fully in writing and violates the provisions of the statute of frauds. Title 15 O.S.1961, Section 136(5) and 16 O.S.1961, Section 4.

Appellants argue that since the interest, grantors own or intend to convey, is not inserted in the unfilled blank that the deed is not a conveyance of a definite interest in the described land and would require extrinsic evidence or an alteration of the deed and therefore it is not entirely in writing as required by the cited statutes. They cite cases holding that the term "undivided interest" refers to something less than the whole and unless the interest can be determined by the writing the deed must fall in its entirety as extrinsic or parol evidence may not be introduced to supply the missing interest.

Appellants cite cases from other jurisdictions in support of their position. The underlying reasoning in these cases is that it is impossible to ascertain from the instrument itself what interest is conveyed as the blank space was incorporated in the deed for the express purpose of indicating what interest less than the whole the grantor possessed and conveyed. In the in-

stant case, however, the deed purports to convey "an undivided interest" of four grantors. Whatever interest the four grantors owned, each owned less than the entire interest. When each conveys an undivided interest in a forty acre tract under the law of this jurisdiction they convey all of their interest whatever it may be unless specifically limited, excepted or reserved, in executing a warranty mineral deed. 16 O.S. 1961, Section 19, states:

> "A warranty deed made in substantial compliance with the provisions of this chapter, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, * * *"

In Cutright v. Richey, Okl., 208 Okl. 413, 257 P.2d 286 (1953), a case involving a quiet title action to a mineral interest, we said a deed of general warranty purporting to convey to grantee the fee title of described lands without exception or qualification transfers to such grantee every existing right of the grantor pertaining to the premises described. We further stated a grantor is presumed to have made all the reservations he intended to make and is not permitted to derogate from his grant by showing that some reservation was intended but not expressed.

In the case of Boys v. Long, Okl., 268 P. 2d 890 (1954) we said:

> "In Oklahoma, a grantor's execution and delivery of a warranty deed conveys his 'whole interest' * * * in the premises described, Title 16 O.S.1951, Section 19, and the fact that he may own less than the entire fee does not prevent his passing title, by said deed, to the interest he does own."

The mineral warranty deed conveys whatever interest the grantors own unless limited or reserved. Because the grantors did not fill in a blank in the deed pertaining to their interest only, does not mean that they did not convey their entire interest. It is more persuasive to conclude from the fact of conveyance that they intended to convey all of their undivided interest, rather than striking down an otherwise valid conveyance.

There is an additional factor involved in determining the intent of the parties in this case. The question is what interest was conveyed. The described property contained 40 acres, more or less, as set out in the description clause. Following the description clause the deed contained the additional phrase of, "containing 40 acres". We are required to examine the whole of the deed and in the search of the parties intent we can not summarily decide the language used in the deed is superfluous or redundant. The legal description of the land was that of a quarter section of a quarter section which ordinarily contains 40 acres, more or less, as the deed noted. There was also the additional description of "containing 40 acres", without the customary "more or less" phrase. Referring back to the first part of the granting clause we find that the grantors are conveying an interest in the minerals under the described 40 acre tract, containing 40 acres. This additional language does not describe the amount of surface acres contained in the land conveyed as the described lands have previously been referred to as containing 40 acres. It therefore must refer to the interest that grantors own in the 40 acre tract. It is not unusual to convey minerals by a specific number of acres.

Appellants cite cases from Texas which interpret the term "undivided interest" in relation to its meaning in mineral deeds. These cases hold in general that the word undivided means less than the whole and unless some specific amount of interest is contained in writing in the deed the phrase, "an undivided interest" is insufficient to convey the grantors interest. Appellees point out that Texas does not have a statute such as our 16 O.S.1961, Section 19, regarding conveying all of grantors interest by warranty deed unless limited by language contained in the deed. The Texas cases also indicate that if the deed contains language by which the interest of the grantor that is conveyed can be determined then the deed is sufficient to pass that interest,

**1148**

regardless of the use of the term "an undivided interest" in the granting clause. We have noted the additional phrase "containing 40 acres".

The sole contention for the invalidation of an otherwise valid mineral warranty deed is that the grantors failed to fill in the blank space between the words "an undivided" and "interest". In view of our statutes and the additional qualifying language "containing 40 acres" we find that the grantors conveyed all of their interest in the minerals in the described 40 acre tract.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

LAVENDER, J., dissents.