**Pauline B. HOUSTON, Appellant,**

v.

**MOORE INVESTMENT COMPANY,**
**Appellee.**

**No. 16946.**

Court of Civil Appeals of Texas,
Houston (First Dist.).

Nov. 10, 1977.

Sallas, Meriwether & Renfro, Phillip M. Renfro, Crockett, for appellant.

Singleton & Singleton, Robert H. Singleton, Houston, for appellee.

PEDEN, Justice.

Moore Investment Company sued Mrs. Pauline B. Houston for half of a $9,825 bonus payment she received when she executed a mineral lease on land in which Moore had reserved a one-half mineral interest. The trial court overruled Mrs. Houston's motion for summary judgment but granted that of Moore Investment. We affirm.

The conveyance from Moore Investment to R. D. Houston, the deceased husband of Pauline Houston, contained this provision:

"There is reserved and excepted from this conveyance, and Grantor hereby retains the title to, an undivided one-half interest in all oil, gas or other minerals in, on or under the lands hereinabove described, but the Grantee herein shall have the right and privilege of executing an oil, gas and mineral lease on such land, without the joinder of Grantor, with the understanding that any such lease shall provide for a royalty to the owners of the land in an amount not less than one-eighth of the minerals to be produced

from said land, and further provided that Grantor shall be entitled to one-half of any such royalties retained in such lease."

Appellant argues that any intention of the parties to have Moore Investment share in the bonus payments was negated by Moore Investment's failure to specify its right to bonus payments while specifying its right to receive royalties. Further, that Moore's reservation to itself of title to an undivided one-half interest in the minerals would have, without more, entitled Moore to half of all royalty payments and the later specification of its right to receive such payments was unnecessary. Therefore, she says, the only purpose of this later specification of Moore's right to receive "one-half of any such royalties retained in such lease" was to exclude (by implication) some of its other rights not specified: namely, bonus payments.

It appears to us that the grantor surrendered only one incident of ownership, the right to execute an oil, gas, and mineral lease, a right known as the executive right. A grant of the executive right does not deprive the grantor of the right to participate proportionally in bonuses, rentals and royalties. *Burns v. Audas*, 312 S.W.2d 417 (Tex.Civ.App.1958, no writ). A grantor who reserves half of the minerals retains half of all the incidents of ownership inherent in the minerals except those specifically granted. *Martin v. Snuggs*, 302 S.W.2d 676 (Tex.Civ.App.1957, writ ref. n. r. e.).

Appellant argues that the court erred in overruling her motion for summary judgment because the decision in *Benge v. Scharbauer*, 152 Tex. 447, 259 S.W.2d 166 (1953) establishes her right to judgment as a matter of law. In that case, Scharbauer conveyed real property to Benge by general warranty deed. Both parties understood that there was a one-fourth mineral interest outstanding in a third party, but it was not mentioned in the deed. The deed contained: 1) a reservation of a ⅜ths mineral interest to the grantor and 2) a provision in an executive clause for payment of ⅜ths of all bonuses, rentals and royalties to the grantors. The supreme court held that the

warranty extends to what the deed purports to grant, the surface and the ⅝ths interest in the minerals, but does not extend to the provision in the executive clause that the grantor's share in bonuses, rentals and royalties shall be ⅜ths. The court thus held that the grantor was left only a ⅛th mineral interest but that the express agreement that the grantors receive ⅜ths of all bonuses, delay rentals and royalties was merely a limitation upon the power of the grantee to execute leases and was binding on all parties.

"The fractional part of the bonuses, rentals and royalties that one is to receive under a mineral lease usually or normally is the same as his fractional mineral interest, but we cannot say that it must always be the same. The parties owning the mineral interests may make it different if they intend to do so, and plainly and in a formal way express that intention." *Benge v. Scharbauer*, supra at 169.

In our case there was no clear expression of the parties' intention to modify the reservation of the mineral interest. The grantor simply gave the grantee the executive right to execute an oil, gas and mineral lease on the land with the understanding that a royalty of at least ⅛th was to be retained, then restated its right to half of whatever fractional part of royalties the owners were to receive in any lease executed by the grantee.

In her second point appellant asserts error in the court's granting appellee's motion for summary judgment. She argues that the deed is ambiguous because it grants a half interest in the entire mineral estate while providing that "Grantor shall be entitled to one-half of any such royalties retained in such lease" but does not mention bonuses or rentals.

A contract is not ambiguous if it is so worded that it can be given a certain or definite legal meaning or interpretation. *Lewis v. East Texas Finance Co.*, 136 Tex. 149, 146 S.W.2d 977, 980 (1941). This deed is not ambiguous, so it must be given the legal effect resulting from a construction of

the language contained within the four corners of the instrument.

"if possible, the court must construe the language of the deed so as to give effect to all provisions thereof and will harmonize all provisions therein, and not strike down any part of the deed, unless there is an irreconcilable conflict wherein one part of the instrument destroys in effect another part thereof." *Benge v. Scharbauer*, supra.

All parts of the deed in the case at bar can be given legal effect. Appellant argues that the express grant of a right to half of the royalties impliedly excludes bonuses and all other incidents of mineral ownership which would normally flow from the general grant. A similar argument was rejected and a somewhat similar recital was held to be nothing more than a statement of the legal effect of the transfer of the mineral title in *Alfrey v. Ellington*, 285 S.W.2d 383, 387 (Tex.Civ.App.1955, writ ref., n. r. e.). In our case Moore Investment reserved an interest in half of the mineral estate with no express exception and was therefore entitled to half of the bonus payments. There was no ambiguity and no fact issue which would preclude the granting of appellee's summary judgment motion.

■ In appellant's final point of error she contends the trial court refused to allow her to file an amended answer 25 days after the summary judgment hearing. The trial court's docket sheet reflects that the parties' motions for summary judgment were presented and the plaintiff's motion granted on February 14, 1977. Neither the docket sheet nor the judgment entered on March 16, nor anything else in the record shows that the appellant's motion for leave to amend her answer, filed on March 11, 1977, was ever presented to the trial judge. The point does not present error.

Further, the allegation of ambiguity was before the trial court in the defendant's affidavit.

Lastly, even if the amendment had been allowed, it would not have affected the judgment since the deed is not ambiguous, so any error would be harmless. *Harberson v. Lawhon*, 518 S.W.2d 840 (Tex.Civ.App. 1975, no writ).

Affirmed.