**Robert C. ANDERSON, Appellee,**

v.

**Herbert S. MAYBERRY, Appellant.**

**Nos. 57041, 57702.**

Court of Appeals of Oklahoma,
Division No. 1.

March 8, 1983.

Released for Publication by Order of the Court of Appeals April 8, 1983.

Sherman, Pool, Amis, Thompson & Coldiron by Robert W. Amis, Del City, for appellee.

W. Rogers Abbott II, Oklahoma City, for appellant.

REYNOLDS, Judge:

Herbert S. Mayberry (Mayberry) contends that the trial court erred when quieting the title of Robert C. Anderson (Anderson) to two tracts of Logan County property.

Mayberry and three co-owners executed warranty deeds in 1966 which conveyed all the surface rights to the grantees, and which further provided:

> ... excepting and reserving unto the grantors, [names omitted], and in the proportions now owned by them, and unto their respective heirs, devisees, successors and assigns, *an undivided one-half (½) interest in and to all of the oil, gas and other minerals in and under and that may be produced from said property,* for a term of twenty (20) years from the date hereof, and as long thereafter as oil or gas or other minerals are produced therefrom, *the said interest in the oil, gas and other minerals so reserved shall be nonparticipating in bonus and rental rights on oil and gas leases,* .... [Emphasis added.]

Anderson holds oil and gas leases from the grantees. He did not obtain a lease from Mayberry.

Mayberry asserts that he did not convey his right to execute oil and gas leases for his retained mineral interest. Anderson contends that by taking an interest which was "... non-participating in bonus and rental rights on oil and gas leases..." Mayberry has impliedly waived the right to execute leases. Mayberry demurred to Anderson's evidence and stood on his demurrer.

The case at bar is the inverse of *McVey v. Hines,* 385 P.2d 432 (Okl.1963). The grantor in *McVey* reserved the right to collect

bonuses and delay rentals, and conveyed a non-participating interest. The Supreme Court found that McVey intended to reserve all executive rights pertaining to oil and gas leases. *Accord Harris v. Griffith,* 210 So.2d 629 (Miss.1968).

Mayberry has conveyed the right to collect bonuses and delay rentals, and has retained a non-participating mineral interest. The trial court found that Mayberry impliedly conveyed the right to execute leases since "... to hold otherwise would negate the whole idea of a non-participating interest...." We agree. *Accord Grissom v. Guetersloh,* 391 S.W.2d 167 (Tex.1965).

The leases executed by Mayberry's grantees reserve a $3/16$ of the oil and gas produced to the mineral owners. Mayberry owns a proportionate share of one-half the minerals. The trial court found that Mayberry was entitled to his proportionate share of $3/32$ of any production of oil or gas. This finding is without error.

Mayberry's counterclaim for damages and an accounting was denied by the trial court. Mayberry alleged that Anderson converted his proportionate share of the oil and gas produced. Anderson testified that proceeds from the sale of the oil and gas were being held in a suspense account pending resolution of this quiet title action. We have agreed with the trial court's determination of the interest retained by Mayberry. No evidence of conversion has been presented. No error is found in the denial of the counterclaim. Mayberry is merely entitled to an amount from the suspense account consistent with his mineral interest.

Anderson dismissed his appeal from a denial of attorney fees after the appeal had been consolidated with the quiet title appeal of Mayberry. The issues presented by Case No. 57,702 are not before this Court. The trial court decision embodied in Case No. 57,041 is hereby affirmed.

AFFIRMED.

ROBINSON and YOUNG, JJ., concur.