Clifton P. SHARP and Juanita W. Sharp, husband and wife; Danny Glen Sharp and Carol L. Sharp, husband and wife; and Vernon Sharp and Priscilla Sharp, husband and wife, Appellees/Cross Appellants,

v.

R.H. GAYLER, Vivian Gayler, Helen Parker, Robert S. Gayler, Marie Vaughn and Nancy Gayler Jones, Appellants/Cross Appellees.

No. 65891.

Court of Appeals of Oklahoma, Oklahoma City Division.

Feb. 6, 1987.

Rehearing Denied March 3, 1987.

Certiorari Denied May 6, 1987.

Val Miller, Crowe & Dunlevy, Oklahoma City, for appellants/cross appellees.

James M. Boring, Guymon, for appellees/cross appellants.

## ACCELERATED DOCKET DECISION

BAILEY, Judge:

This Accelerated Docket case was orally presented and submitted to the undersigned judges, and case comes before this court on review of the Trial Court's ruling sustaining Appellees' Motion for Summary Judgment, holding Appellees entitled to all bonus moneys paid for execution of an oil lease. The Trial Court in its ruling also held that any delay rentals paid by virtue of the lease be equally divided between the Appellants and the Appellees according to a previous reservation of an undivided one-half (½) mineral interest by Appellants in the subject property.

The facts before the Trial Court were and are uncontroverted by the parties. In 1979, Appellants conveyed by warranty deed to Appellees' predecessors certain property in Cimarron County, Oklahoma, "including all oil, gas and other minerals in, to and under said property, ... RESERVING and EXCEPTING unto [Appellants] his heirs, executors, administrators and assigns, and undivided one-half (½) interest in and to the oil and natural gas in, to and under the above described lands; ... [Appellants] further grant, bargain, sell and convey to [Appellees' predecessor] exclusive, sole and absolute rights to explore for, develop, produce, transport, and market and/or lease for said purposes, all of the oil, gas and other minerals in and under the property." Subsequently, Appellees acquired their predecessors' interest, and in November, 1984, executed an oil and gas lease to Cities Service Oil and Gas Corporation, for which Appellees were paid $146,530.80 in lease bonus. After learning of the execution of this lease and payment of bonus, Appellants asserted their rights to one-half (½) of the bonus payments by virtue of their reservation of one-half (½) of the oil and natural gas contained in the warranty deed.

Upon rejection of Appellants' claim by Appellees, Appellees filed suit in Cimarron County, requesting a declaratory judgment as to the construction of the reservations of the warranty deed and their entitlement to the lease bonus paid. Appellants and Appellees each moved for summary judgment on the issue, and the Trial Court granted judgment to Appellees on the issue of entitlement to bonus, but awarded one-half (½) of all rentals payable to Appellants and one-half (½) to Appellees. Appellants timely appealed the sustention of Appellees' Motion for Summary Judgment on the entitlement to bonus, and Appellees' timely cross-appealed on the issue of the division of daily rentals.

■ This precise issue has not previously been addressed in our state. We must therefore examine the nature of conveyances of mineral ownership to determine the merits of this controversy. In *Jolly v. Wilson*, 478 P.2d 886 (Okl.1970), the Supreme Court was required to construe a conveyance to determine the nature of an estate

reserved, whether a "mineral" interest or a "royalty" interest, in a reservation of "one-half of one-eighth of all MINERALS in and under the land, the same being reserved and excepted, and said ROYALTY is non-participating in the lease or lease rentals." (Emphasis added.) 478 P.2d 886–887. The Supreme Court considered numerous factors in determining that in fact, a mineral interest had been retained, one of which was controlling in that case:

"If there is an oil and gas lease in existence at the time the deed is made, the word 'royalty' when used to describe the interest conveyed, is usually interpreted to mean royalty in the RESTRICTED sense as a share in production only; but, IN THE ABSENCE OF AN EXISTING LEASE, 'ROYALTY' IS LIKELY TO BE INTERPRETED IN ITS LOOSE, BROAD SENSE TO MEAN A MINERAL INTEREST." 478 P.2d 886, 887. (Emphasis added).

Under the rationale of the *Jolly* case, and because there was not a mineral lease in effect at the time of the conveyance by Appellants to Appellees' predecessor, we find that Appellants' interest, giving the language of the deed its broadest interpretation in the absence of an existing lease, to be a reservation of a mineral interest. Having determined then that Appellants' interest is a mineral interest, we turn our attention to the substantive rights acquired by ownership of a mineral interest.

In that regard, the authorities are in accord that the ownership of mineral interest "has distinct incidents of ownership with respect to future leases, and [the owner] may alienate such incidents or property rights in whole or in part. Such incidents are: (a) the power to lease, (b) the right to receive bonuses, (c) the right to receive delay rentals, and (d) the right to receive royalties." 1 Kuntz, *Oil and Gas,* § 15.1; accord, Hemingway, *The Law of Oil and Gas,* § 2.7 (2d Ed.1983); Kulp, *Oil & Gas Rights,* § 10.85, (1962 Suppl.). These incidences of ownership also include the possibility of reverter upon termination of the lease. Kulp, § 10.85, supra. Each of these "incidents of ownership" may be separately transferred. 1 Kuntz, § 15.1,

supra; Williams & Meyers, *Oil & Gas Law,* § 304.10, p. 509; *see also, HNG Fossil Fuels Co. v. Roach,* 99 N.M. 216, 656 P.2d 879 (1982); *Westbrook v. Ball,* 222 Miss. 788, 77 So.2d 274 (1955); *Burns v. Audas,* 312 S.W.2d 417 (Tex.Civ.App.1958). As the New Mexico Supreme Court stated the rule:

"A 'mineral interest' includes the following incidents: the right to receive bonuses, delay rentals and royalties; the right to execute oil, gas, and mineral leases; (citations omitted) and the right of ingress and egress to explore for and produce oil and gas. (Citations omitted). A mineral interest may be created and, by appropriate language in a deed, be stripped of one or more of its normal incidents (citations omitted)." *HNG Fossil Fuels Co.,* supra, 656 P.2d 879, 882; accord, 1 Kuntz, *Oil and Gas,* § 15.3; Williams and Meyers, § 304.10, supra; Hemingway, § 2.7, supra.

With regard to the transfer or conveyance of a mineral estate or interest, it has long been the rule in this state, and others, that all rights not specifically granted in a mineral conveyance are deemed to have been reserved in the absence of specific grant. Hemingway, supra, § 2.7 (I), p. 96; accord, 1 Kuntz, supra, § 15.3, § 15.7. As the Oklahoma Supreme Court has set forth the rule:

"... oil and gas leases, and deeds, are to be construed and interpreted as other contracts, and ... all rights claimed by the lessee (grantee) which are not conferred in direct terms or by fair implication are to considered withheld. *Hammett Oil Co. v. Gypsy Oil Co.,* 95 Okl. 235, 218 P. 501 (1921); *George v. Curtain,* 108 Okl. 281, 236 P. 876 (1925)." *Cronkhite v. Falkenstein,* 352 P.2d 396, 398 (Okl.1960); accord, *Westbrook v. Ball,* 77 So.2d 274, 275, supra; *Houston v. Moore Investment Co.,* 559 S.W.2d 850, 852 (Tex.Civ.App.1977).

With this rule in mind, then, it is clear that the clear and unambiguous language of the deed given by Appellants granted to Appellees' predecessors ONLY the right to execute mineral leases on the entire property;

that deed did not specifically grant to Appellees' predecessors (or to Appellees by the subsequent conveyance) any of the other "incidents of ownership." As such, and under the rule of *Cronkhite,* supra, the rights to collect bonuses, delay rentals and royalties (in the appropriate proportion to interest retained) were reserved by Appellants, and they should be allowed to share in the bonuses paid to Appellees in the proportion of their retained mineral interest. As the Texas Courts have stated the rule:

> "It appears to us that the grantor surrendered only one incident of ownership, the right to execute an oil, gas, and mineral lease, a right known as the executive right. A grant of the executive right does not deprive the grantor of the right to participate proportionally in bonuses, rentals and royalties. *Burns v. Audas,* 312 S.W.2d 417 (Tex.Civ.App.1958, no writ). A grantor who reserves half of the minerals retains half of all the incidents of ownership inherent in the minerals except those specifically granted. *Martin v. Snuggs,* 302 S.W.2d 676 (Tex. Civ.App.1957, writ ref. n.r.e.)." *Houston v. Moore Investment Co.,* supra, 559 S.W.2d 850, 852; accord, Williams & Meyers, supra, § 304.10, p. 507–509; § 327.3, p. 94.1–96; Hemingway, supra, § 2.7, p. 96–98; 1 Kuntz, supra, § 15.7.

In *Burns v. Audas,* supra, the Texas Court of Appeals held that a conveyance by one co-tenant, reserving ¹⁄₁₂ mineral interest, but conveying to the other co-tenant the surface and the exclusive right to execute leases, did not deprive the reserving co-tenant of his share of bonus, the Court indicating that the grantor would take ¹⁄₁₂ of bonus, delay rentals and royalties. 312 S.W.2d 417, 420. In *Houston v. Moore,* supra, the Texas Court held that the grantor, who had reserved ¹⁄₁₂ of all minerals in a grant conveying the right to execute leases, was entitled to a proportionate share of bonus and delay, in addition to a share of royalties. 559 S.W.2d 850, 852.

■ This position is not entirely without support in our State, although our Courts have not spoken directly to this issue. In *McNeil v. Shaw,* 295 P.2d 276 (Okl.1956),

the grantor conveyed ¹⁄₃₂ interest in minerals in and under the land subject to a lease, including an "undivided ¹⁄₃₂ interest in all rents and royalties," but reserving to grantor the exclusive right to lease. The Supreme Court held that the grantee was entitled to and owned ¹⁄₃₂ of LEASE BENEFITS and ¹⁄₃₂ of grantor's ⅛ royalty. 295 P.2d 276, 278; *see also,* Williams & Meyers, supra, § 327.3, footnote 2. This holding is instructive, in that the Supreme Court reasoned that because the grantee owned a ¹⁄₃₂ mineral interest, the grantee was also entitled to ¹⁄₃₂ of ALL LEASE BENEFITS, including ¹⁄₃₂ of the ⅛ lease royalty. *McNeill v. Shaw,* supra, 295 P.2d 276, 278. Under this rationale, then, because Appellants are the owners of ½ of the mineral interest in the property, they are also owners of ½ of ALL LEASE BENEFITS including in our case, ½ of all bonuses, delay rentals and royalties.

For these reasons, we hold that Appellants, by reserving ½ of the oil and gas in and under the land, owned a ½ mineral interest in the land, which included ½ of all lease benefits, including the bonuses, delay rentals and royalties paid or payable by virtue of the lease. We accordingly reverse the holding of the Trial Court sustaining the Appellees' Motion for Summary Judgment on the issue of entitlement to bonus payments, and remand the cause to the Trial Court with instructions to enter judgment for Appellants, awarding them one-half ½) of the $146,530.80 in bonuses paid by Cities Service Oil to Appellees for execution of the lease. We affirm the holding of The Trial Court awarding Appellees and Appellants each one-half (½) of all delay rentals payable under the Cities Service lease.

GARRETT, J., concurs.

HUNTER, Judge, dissents:

I must respectfully dissent from the majority opinion of my colleagues. Although I agree that because of the peculiar facts of this case, it is one of "First Impression" in Oklahoma, I find sufficient Oklahoma authority upon which to rest my opinion

without resort to Texas law, which is sufficiently different from Oklahoma that I do not find it persuasive.

Unlike Texas, Oklahoma has a Statute, 16 O.S. 1981 § 19, which provides, in pertinent part:

A warranty deed made in substantial compliance with the provisions of this chapter, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, * * *

This statute was construed in *Beaton v. Pure Oil Co.*, 483 P.2d 1145 (Okl.1971), wherein it was said:

In *Cutright v. Richey*, 208 Okl. 413, 257 P.2d 286 (1953), a case involving a quiet title action to a mineral interest, we said a deed of general warranty purporting to convey to grantee the fee title of described lands without exception or qualification transfers to such grantee every existing right of the grantor pertaining to the premises described. We further stated a grantor is presumed to have made all the reservations he intended to make and is not permitted to derogate from his grant by showing that some reservation was intended but not expressed.

The opinion also noted that Appellants relied on Texas cases but, as Appellees pointed out, "Texas does not have a statute such as our 16 O.S. 1961 Section 19".

No contention is made that the instrument in question is ambiguous and no evidence was offered to show the intention of the parties other than expressed in the writing itself. Where a written contract is complete in itself, and viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended. Every case must be approached for a concrete solution upon its individual facts. *Meeks v. Harmon*, 207 Okl. 459, 250 P.2d 203 (1952).

The issue before us, in its simplest terms, is: Under the language used by the grantors, by not mentioning bonus and delay rental payments, were they reserved or were they conveyed *by fair implication?*

In my opinion, the interest reserved by the grantors was a non-participating mineral interest. That it was a mineral interest rather than a royalty interest is indicated by the language "in and to the oil and natural gas *in, to and under the above described lands.*" *Jolly v. Wilson*, 478 P.2d 886 (Okl.1970). That it was a non-participating mineral interest is clearly indicated by the conveyance to the grantee of the *"exclusive, sole and absolute rights* to explore for, develop, produce, transport and market and/or *lease* for said purposes, *all* of the oil, gas and other minerals ..."

At this point, I must also take exception to the majority's statement that the "language of the deed given by Appellants granted to Appellees' successors only the right to execute mineral leases on the entire property; that deed did not specifically grant to Appellees' successors (or to Appellees by the subsequent conveyance) any of the other 'incidents of ownership.' ". The fact of the matter is that the clear and unambiguous language of the deed specifically granted *all* the incidents of ownership and reserved *none* unless we can find that the right to participate in bonus and delay rentals was withheld by silence!

In *Carroll v. Bowen*, 180 Okl. 215, 68 P.2d 773 (1937) we find the following:

The words 'bonus,' 'rental,' and 'royalty' are words of common use in this state in connection with oil and gas leases, conveyances, and reservations. Each has a definite meaning and will be construed in the ordinary and popular sense. Section 9468, O.S.1931 (15 Ok.St.Ann. § 160).

The word 'bonus' has a definite meaning in the oil and gas industry. It is defined in Bouvier's Law Dict. (Rawles 3rd Rev.) as a 'premium paid to a grantor or vendor' and strictly is the cash consideration or down payment, paid or agreed to be paid, for the execution of an oil and gas lease. (Citations omitted).

The term 'rental' as used in oil and gas leases refers to the consideration paid to the lessor for the privilege of delaying drilling operations. (Citations omitted).

In *Swearingen v. Oldham*, 195 Okl. 532, 159 P.2d 247 (1945), the grantors reserved to themselves one-sixteenth (1/16) of all oil,

gas or other minerals *in and under this land* but conveyed unto grantee full rights to lease this land for any purpose and to collect and retain all rentals and bonuses. The Supreme Court held in *Swearingen* that the reservation was one of a mineral interest even though the executive rights were specifically conveyed. However, the Court said the interest reserved was a $\frac{1}{16}$ of the $\frac{1}{8}$ royalty where oil is produced under a lease subsequently executed to a third party wherein the lessee was granted the customary $\frac{7}{8}$ of the oil. Thus, without using the term, the Court effectively held the interest to be a "non-participating" mineral interest.

As day follows night, the inverse is true that night precedes day. If the owners of a reserved interest would have to be parties to a lease, it follows that they are entitled to exact a share of the bonus and rentals. But on the other hand, where the owners of the interest need not be made parties to the lease they are not entitled to any consideration therefor except which has been *expressly* agreed upon. *Carroll v. Bowen*, supra. It has been held that conveying the right to bonus and rentals impliedly conveys the right to execute leases. *Anderson v. Mayberry*, 661 P.2d 535 (Okl.App.1983). It logically follows then that conveying the sole and exclusive right to lease also, *by fair implication*, conveys the right to bonus and rentals *which are considerations for executing and extending the lease.* *Carroll v. Bowen*, supra.

For these reasons I would affirm that part of the trial court's judgment which finds the Appellee/Cross-Appellant entitled to all of the bonus money and reverse that part which finds the Appellant/Cross-Appellee entitled to one-half of the delay rentals.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.