McNeese *v.* Renner *et al.*

(In Banc.  Feb. 26, 1945.)

[21 So. (2d) 7.  No. 35745.]

Livingston & Livingston, of Prentiss, for appellant.

Jno. T. Armstrong, of Hazlehurst, and **Watkins & Eager** and **Green & Green**, all of Jackson, for appellee.

210

Smith, C. J., delivered the opinion of the court.

In 1926, The Great Southern Lumber Company, a corporation, and the then owner of the land here involved, conveyed a portion of it to the appellant by a deed in which the description of the land was followed by:

"It is understood and agreed, that the said Company, for itself, its successors and assigns, reserves the right to lay out and establish a road or roads, not more than

thirty feet in width, along and upon the section lines surrounding the section in which the above described property is situated, and also along and upon the quarter-section lines of said section, for the use of the public, or as neighborhood roads.

"The Company hereby reserves and retains an undivided one-fourth (¼) interest in and to all minerals, oil and gas that might hereafter be discovered on the lands herein described, and it is understood and agreed that the right of title so retained shall not be extinguished by the prescription, but shall persist without limit of time notwithstanding that the seller has done nothing on said land or in the discovery of said minerals, oil and gas, prior to their discovery."

In 1927, it executed another deed to the appellant to another portion of the land with the same two clauses therein. The appellees have succeeded by mesne conveyances to whatever right The Great Southern Lumber Company retained in the minerals, oil and gas lying in the land. It has not yet been ascertained whether there are any minerals of any kind in this land. In March 1934, the appellant exhibited a bill of complaint against the appellees in the court below and prayed "that all claims of the said Defendant to the lands of the Complainant, S. J. McNeese, be cancelled as a cloud upon the title of Complainant; that if Complainant is mistaken in this his general prayer for relief, then he prays that the Court will construe the deeds of conveyance, conveying the lands to him and especially as to Paragraphs Three in the said Deeds of Conveyance and to fix the intended interest in and to the Oils, Gas and Minerals in, on or under the said land that the said Defendants now have under said Deeds of Conveyance, if any they have; . . ." A demurrer by the appellees to this bill of complaint was sustained, and on the complainant's declining to plead further, the bill was dismissed as to these appellees. There are other defendants to this bill of complaint who have no connection with the claim of

the appellees to the minerals in this land, and by stipulation of counsel, the cause was continued as to them to await the outcome of an appeal by the appellant to this court from the decree dismissing the bill as to these appellees.

The appellant's contentions, as we understand them are: (1) That the exceptions in these deeds do not retain title to minerals in the land in The Great Southern Lumber Company but only vest it with the right to one-fourth of any minerals that might be discovered to be therein, prior to which time The Great Southern Lumber Company and its assignees have no interest whatever therein; and (2) that no right was retained in these deeds by The Great Southern Lumber Company to enter the land to explore for and remove any mineral that might lie therein.

The words "that might hereafter be discovered" in these deeds neither add to nor detract from what the exceptions therein would have meant had they been omitted and the exceptions have been permitted to read as follows: "The Company hereby reserves and retains an undivided one-fourth interest in all minerals, oil and gas on the land herein described." Where minerals lie under the surface of land, their presence is usually unknown until discovered by penetration beneath the surface sufficient therefor. In Moss v. Jourdan, 129 Miss. 598, 92 So. 689, 690, the language of the exception of minerals from the grant was "all minerals that may be on the above-described land."

There was no necessity for these deeds to reserve any right to The Great Southern Lumber Company to enter the land to ascertain the presence of and remove minerals that might lie therein, that right being necessarily implied from the reservation itself. Moss v. Jourdan, supra; Pace v. State, 191 Miss. 781, 4 So. (2d) 270; 1 Summers Oil & Gas, sec. 133, p. 325. It follows from this that the appellees have a present, undivided one-fourth

interest in the minerals that may be in this land, as tenants in common of the appellant. Wight v. Ingram-Day Lumber Co., 195 Miss. 823, 17 So. (2d) 196.

Affirmed.