## WESTBROOK *v.* BALL.

No. 39441          January 17, 1955          77 So. 2d 274

*Gordon & Gordon,* Liberty, for appellant.

*Fred A. Anderson, Jr.,* Gloster, for appellee.

ARRINGTON, J.

On January 2, 1946, J. F. Ball conveyed to Charlie E. Westbrook, appellant herein, certain lands in Amite County. One-sixteenth of the minerals had been reserved by a predecessor in title of J. F. Ball, and J. F. Ball, when he conveyed to Charlie Westbrook, reserved 15/16 of the minerals, the reservation reading as follows:

"The grantor retains all of the oil, gas, and other minerals excepting sand and gravel, in, on, and under-

lying, and as may be mined and produced from said land, together with rights to go upon, enter, to explore for, drill for, mine, store, transport, and remove all of said minerals at any and all times from and after the date hereof. The grantor retains for himself a 15/16 of said minerals, and the remaining 1/16 was retained by F. A. Anderson, in deed to the grantor herein. It is agreed and understood that the grantee and his assigns are to receive the cash bonuses and delay rentals payable under any oil, gas, and mineral lease executed upon said land. All royalties payable will go to the grantor."

J. F. Ball died in 1949, leaving a last will and testament by which he devised all his property to his wife, Mrs. Nannie G. Ball, the appellee here.

Bill of complaint was filed by appellant for a construction of the mineral reservation, appellant contending that the deed is ambiguous; that it was the intent of the parties that appellant have the exclusive right to execute oil, gas and mineral leases, and asking for a construction of the deed holding the reservation to be a reservation of royalty only. Demurrers were filed to the bill of complaint, which were sustained, the chancellor being of the opinion that there was no ambiguity in the deed and that appellant owned no interest whatsoever in the minerals and only has the right to the bonus money and the delay rentals if and when a lease has been executed, but that there is no authority in the deed, express or implied, for the appellant to execute a lease. An interlocutory appeal was allowed, as the issues raised by the demurrer were determinative of the principles in the case.

The words "royalty" and "minerals" have a well defined meaning as separate and distinct estates when one is compared to the other. Palmer v. Crews, 203 Miss. 806, 35 So. 2d 430. The grantor in this deed not only retained the minerals, but retained the right to go upon, enter, to explore for, drill for, mine, store and

remove all of said minerals at any and all times. All these rights are necessary to the execution of an oil, gas, and mineral lease, and where minerals are reserved these rights are necessarily implied even though not specifically reserved. McNeese v. Renner, 197 Miss. 203, 21 So. 2d 7. However, in this deed all were reserved. A royalty owner has none of these rights but only has the right to share in the minerals when produced. The owner of minerals has the right to execute oil, gas and mineral leases, selecting the lessee and fixing the terms of the lease, and to receive therefrom the bonuses, delay rentals and royalties. All these rights are transferable and a grantor can transfer all of them, or only part of them, but in reserving the minerals, all are retained that are not specifically granted. Appellee reserved the minerals and it was only specified that the bonuses and rentals from any lease executed would go to appellant.

It is the duty of the Court to construe the instrument as it is written. Abney v. Lewis, 213 Miss. 105, 56 So. 2d 48; Dale v. Case, et ux, 217 Miss. 298, 64 So. 2d 344. The deed is plain and unambiguous. Appellee owns 15/16 of the minerals and has the right to execute oil, gas and mineral leases covering 15/16 of the minerals and to receive the royalties therefrom. Appellant only has the right to receive the bonuses and delay rentals from leases, if and when executed by appellant.

Affirmed and remanded.

*McGehee, C. J.*, and *Kyle, Ethridge*, and *Gillespie, JJ.*, concur.