Guy KARAKER, also known as Guy Kariker, Plaintiff in Error,

v.

The UNKNOWN HEIRS, EXECUTORS, AD-MINISTRATORS, DEVISEES, TRUS-TEES AND ASSIGNS OF Minnie KARAK-ER, also known as Minnie Kariker, De-ceased et al., Defendants in Error.

No. 41056.

Supreme Court of Oklahoma.

Dec. 6, 1966.

Rehearing Denied May 31, 1967.

Second Rehearing Denied Oct. 3, 1967.

Murphy & Evans, Kingfisher, for plaintiff in error.

Richard H. Godfrey, Bruno H. Miller, Mark G. Meister, Oklahoma City, for defendants in error, Fillmore.

Russell L. Morgan, Oklahoma City, for defendants in error, Gaffney and others.

PER CURIAM:

The parties to this action will be referred to as they appeared in the trial court. This action was brought by the plaintiff against the defendants to quiet his title in the minerals in and to the following described real estate in Kingfisher County, Oklahoma, to-wit:

"The NE¼ of Section 33, Township 18 North, Range 5 West of the Indian Meridian containing 160 acres, more or less."

A properly executed and recorded warranty deed executed by the plaintiff in favor of Lucy Rhinehart (from whom defendants' claims are derivative) under the date of 12th day of October, 1922. The terms and tenor of this warranty deed contained the following reservation:

"Parties of the first part reserve a ¹⁄₁₆ royalty from any oil and gas produced from the above described property."

The real estate hereinabove set forth was set out in the granting clause of said warranty deed, the last statement being in the habendum clause of said deed.

By stipulation of counsel, the only question presented to the trial court was the interpretation of the reservation contained in said warranty deed.

It is the contention of the defendants in this appeal that the reservation of ¹⁄₁₆ of the royalty of any oil and gas produced from the above property means only ¹⁄₁₆ of ⅛ of the royalty. With this contention we cannot agree. In Purcell et al. v. Thaxton, 202 Okl. 612; 216 P.2d 574, p. 576, we stated:

"The practice of using the word 'royalty' to denote either an interest in the minerals, or an interest in the share of the ⅛ reserved to the landowner in an oil and gas mining lease, is a frequent cause of ambiguity in the conveyance of oil and gas or mineral interests. * * *"

In this case the reservation covered ¹⁄₁₆ royalty of any oil and gas produced. It did not say ¹⁄₁₆ of any royalty interest from oil and gas produced. There is a distinction between the use of the term "royalty" and the use of the term "royalty interest."

In Carroll et al. v. Bowen et al., 180 Okl. 215, 68 P.2d 773, p. 776, it is said:

"From an analysis of the cases referred to herein, it appears that, if the reserva-

tion of 'royalty' does not specify the percentage of production meant to be included therein, and where it is not made with reference to any existing lease establishing the amount, the term is ambiguous and extrinsic evidence may be examined to determine the intent of the parties. * * * "

In Carroll, supra, we determined that if the term royalty was used and did not include any additional wording such as appeared in the Carroll case, then the reservation was ambiguous and testimony and other evidence could be examined in order to determine what the parties intended by such reservation.

In the present case another instrument was introduced to show that on the 12th of March, 1924, the parties executed an oil and gas lease on the premises to the Gypsy Oil Company. In this lease was written:

"The Royalty from the above land to be divided equally Lucy Rhinehart (½) and Guy Kariker (½) of all production. All rentals to be paid to Lucy Rhinehart on this lease."

In so far as the issues are pertinent, the parties referred to in the above quoted portion of the lease were the same parties in the heretofore mentioned warranty deed executed October 12, 1922. The intent of the original parties appears manifest by their own interpretation of the reservation in the execution of the subsequent lease in which the parties were to divide the royalty equally—but that grantee under the warranty deed (Lucy Rhinehart) was to receive all the rentals.

■ The case comes within the rule announced in syllabus 6 of Melton v. Sneed, 188 Okl. 388, 109 P.2d 509:

"Where a deed conveyed, in perpetuity, 'one-third of all royalties from oil, gas, or other minerals, arising from or out of or produced upon' the lands described, and

did not refer to any lease then existing on such land, the deed was ambiguous and the trial court properly permitted the introduction of evidence to ascertain the intent of the parties, and gave to such language the meaning which the parties intended, and held the instrument a grant of the minerals rather than a conveyance of the royalties only."

■ In the original reservation of the grantors in using the word "royalty" did not limit the royalty by saying royalty interest or any other amount, it merely stated ⅟₁₆ royalty of all oil and gas produced. From the record and the evidence introduced at the trial, the intention of the parties was to reserve to plaintiff ⅟₁₆ of all minerals produced from the real estate in question. As stated above, this reservation was ambiguous as to whether it was ⅟₁₆ of all the oil and gas produced, or ⅟₁₆ of the customary royalty of ⅛ of the oil and gas produced. With the introduction of other evidence to show the real intent of the parties, we conclude that it was the intention of the parties to this action that the plaintiff was reserving ⅟₁₆ of the production of any oil and gas from the real estate in question. This amounted to a reservation of non-participating royalty interest.

The judgment is reversed and cause remanded to the trial court with directions to enter judgment for the plaintiff in accordance with the views herein expressed.

The Court acknowledges the services of William W. Bailey, who with the aid and counsel of John R. Carle and Lloyd E. Cole, Jr., as Special Masters, prepared a preliminary advisory opinion. Those attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to a member of this Court for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.