V. E. JOLLY and Frank S. Harkleroad,
Plaintiffs in Error,

v.

Melvin Lee WILSON, on his own behalf, and
on behalf of his heirs at law, and/or the
heirs of his body at the time of his death,
Defendant in Error.

No. 42332.

Supreme Court of Oklahoma.

Dec. 23, 1970.

Holcomb & Holcomb, Buffalo, for plaintiffs in error.

Lansden, Drum & Goetzinger, Beaver, for defendant in error.

HODGES, Justice.

This is an appeal from a judgment of the District Court of Beaver County in a case tried to the court without a jury quieting the title to certain real property including mineral interests. From a judgment in favor of plaintiff, defendants appeal.

Parties will be referred to as they appeared in the trial court.

The sole question involved in this appeal is the construction of a reservation clause in a warranty deed reserving and excepting a mineral interest.

Defendants are successors in title to the grantor and plaintiff is successor to grantee. The clause is as follows:

"However, there is reserved and excepted from this conveyance, one-half of one-eighth of all minerals in and under said land, the same being reserved and

excepted, and said royalty is nonparticipating in the lease or lease rentals."

Plaintiff claims the reservation is one of a mineral interest. Defendants assert the reservation is one of a royalty interest. In other words, plaintiff maintains that defendants have, on the basis of the standard one-eighth land owners royalty under an oil and gas lease, a 1/128th interest in the oil and gas produced from the property and defendants maintain they have a 1/16th interest in the oil and gas produced from the property. Both agree the defendants do not share in the bonus or rentals under an oil and gas lease.

It was stipulated that the property was not at the time of the execution of the deed and never had been under an oil and gas lease.

Defendants assert that the second part of the reservation where the interest is referred to as royalty which is non-participating in the lease and lease rentals, is controlling. They maintain that this constitutes a separation of the right to execute an oil and gas lease from the mineral interest and therefore is a royalty interest.

 The purpose of construction of a reservation or grant is to find the intent of the grantor. Owens v. Day, 207 Okl. 341, 249 P.2d 710; Lanford v. Cornett, Okl., 415 P.2d 984. In attempting to determine this intent when we have only the grant or reservation itself to consider, it is helpful to delineate the elements of a mineral interest and of a royalty interest, and from the whole of the grant or reservation determine the intent of the grantor. Karaker v. Unknown Heirs et al of Karaker, Okl., 434 P.2d 282. A summary of factors to be considered in distinguishing whether a mineral or royalty interest reservation was made, is set out in Vol. 9, Okl.Law Review at page 139, which follows:

"(1) If the interest conveyed or retained is of the oil and gas in and under the land, a mineral interest is indicated. On the other hand, if the interest conveyed is in oil and gas to be produced, a royalty interest may be the result.

"(2) Who has the right to grant leases, and to receive bonuses and rentals? If it is the grantee of the interest, a mineral interest is created. If not a royalty or nonparticipating mineral interest may be the result.

"(3) If the right of ingress and egress and of exploration is granted, the interest conveyed is mineral not royalty.

"(4) If there is an oil and gas lease in existence at the time the deed is made, the word 'royalty' when used to describe the interest reserved or conveyed, is usually interpreted to mean royalty in the restricted sense as a share in production only; but, in the absence of an existing lease, 'royalty' is likely to be interpreted in its loose, broad sense to mean a mineral interest.

"(5) If the interest conveyed or retained is 'royalty' in its restricted sense, the fractional designation of the quantum of interest usually refers to that fractional part of the gross production. If the interest is 'mineral' the fractional designation of the quantum conveyed or retained usually entitles the grantee to only that fractional part of the lessor's share of production."

The reservation in the instant case used the words "minerals" and "royalty", but at the time of the conveyance the land was not under an oil and gas lease and had not been up to that time. It is then not necessary to construe the meaning of the word "royalty" in its restricted sense. Karaker v. Unknown Heirs, etc. of Karaker, supra. The interest reserved was one of minerals in and under the land and not those produced. The non-participating interest pertains to the lease and lease rentals.

Defendants cite the case of Armstrong v. McCracken, et. al., Okl., 229 P.2d 590, as controlling. The reservation of an interest

in the mineral estate in that case was as follows:

"The grantors herein hereby reserve unto themselves from this conveyance an undivided ⅟₁₆th interest in and to all oil and gas produced from the land above described, giving full power to the grantees to execute and deliver oil and gas mineral leases upon such land without the concurrence therein or signatures thereto of grantors and waiving all right to participate in any bonuses paid for or extension payments under such oil and gas lease or leases."

This court in holding that the interest conveyed was royalty pointed out that the clause containing a proviso conveying all executive rights in oil and gas leases to the grantee was an important factor in its determination of the interest conveyed. We further stated that the intent of the parties was manifested in the reservation of oil and gas that was *produced* from the land as grantor did not intend that he would give up anything to have the well produced, where in Swearingen v. Oldham, 195 Okl. 532, 159 P.2d 247 (a case plaintiff cites as controlling) the reservation was as to oil and gas *in and under the land* and an owner of a mineral interest would know that it was necessary to give up something to get production. We see from these two cases that there are two major factors used in determining the character of mineral interest: One, whether the interest is to be carved out of production or is of minerals in place, or as frequently referred to in grants or reservations, in and under the land; two, the right to grant leases. Also see Elliott v. Berry, 206 Okl. 594, 245 P.2d 726; Pease v. Dolezal, 206 Okl. 696, 246 P.2d 757; Surety Royalty Company v. Sullivan, Okl., 275 P.2d 279.

In the present case the reservation as to the first factor is clear and unambiguous. The reservation specifically states that it applies to *"minerals in and under the land."* Thus, a mineral estate is indicted.

The second factor is indistinct and ambiguous. The reservation says "said royalty is non-participating in the lease or lease rentals." Defendants argue that under this proviso the executive rights as to leasing are conveyed, while the plaintiff contends the reservation contains no specific language by which the right to execute an oil and gas lease is granted or reserved. There is merit to both arguments which makes application of the second factor difficult and arduous. We then have one factor clearly expressed and the other factor of doubtful application. In such instance, the factor which is clearly expressed is more persuasive as showing the intent of the grantor. Therefore as between the two factors, a mineral interest is more clearly manifested.

The language used in the reservation in the instant case is quite similar to that used in the case of Swearingen v. Oldham, supra. In that case the reservation stated, "The grantors reserve to themselves one-sixteenth (⅟₁₆) of all oil, gas or other minerals in and under this land but convey unto grantee full rights to lease this land for any purpose and to collect and retain all rentals and bonuses." This court held the reservation was one of a mineral interest to be calculated as ⅟₁₆th of ⅛th royalty where oil was produced under a lease subsequently executed to a third party wherein lessee was granted the customary seven-eighths of the oil. Although there was additional testimony adduced in this case the court held that the language of the reservation was consistent with a mineral interest even though the executive rights were specifically conveyed.

The court in the Swearingen case said in a syllabus:

"Where in a deed 'the grantors reserve to themselves one-sixteenth (⅟₁₆) of all oil, gas or other minerals in or under this land but convey unto grantee full rights to lease this land for any purpose and to collect and retain all rentals and bonuses' the grantors retain a one-sixteenth (⅟₁₆) interest in the oil, gas and other minerals. This one-sixteenth (⅟₁₆) interest is interpreted to mean a

one-sixteenth (1/16) of the one-eighth (1/8) royalty where oil is produced under a lease subsequently executed to a third party wherein the lessee was granted the customary seven-eighths (7/8) of the oil."

The only remaining point defendants assert is that the fractional interest of 1/2 of 1/8 indicates grantor was referring to a royalty interest. This assertion is made on the basis of the standard land owners royalty interest being 1/8th of oil or gas produced under a lease, while this 1/8th of oil and gas produced is generally accepted as the standard land owners royalty it is not exclusive and is certainly not controlling. Defendants cite no authority for their position, and this court does not consider that the use of the fractional interest in this manner standing alone is by any means controlling or determinative of the intent of the grantor.

Having considered the whole of the reservation and in accordance with the reasons expressed in this opinion we find the reservation was one of a mineral interest and not a royalty interest. The judgment of the trial court is accordingly affirmed.

IRWIN, C. J., BERRY, V. C. J., and BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.