656 P.2d 879

**HNG FOSSIL FUELS COMPANY,
Plaintiff-Appellant,**

v.

**T.L. ROACH, Jr., et al.,
Defendants-Appellees,**

and

**Alexander D. THOMSON and Muriel L.
Thomson, Defendants-Third Party
Plaintiffs-Appellants,**

v.

**PUBLIC LANDS EXPLORATION, INC.,
Third Party Defendant-Appellee.**

No. 13861.

Supreme Court of New Mexico.

Dec. 29, 1982.

Hinkle, Cox, Eaton, Coffield & Hensley, Paul Kelly, Jr., Roswell, for appellant HNG.

Robert Skinner, Raton, Donald Lesher, Denver, Colo., for appellants Thomson.

Paul A. Kastler, Raton, Modrall, Sperling, Roehl, Harris & Sisk, Allen C. Dewey, Jr., Albuquerque, for appellees Roach, et al.

Steven W. Bowen, Tucumcari, for appellee Public Lands Exploration, Inc.

**218**

## OPINION

SOSA, Senior Justice.

HNG Fossil Fuels Company (HNG) brought this action in the District Court of Colfax County seeking an order of interpleader and a declaratory judgment determining the entitlement to delay rentals paid under two oil and gas leases affecting 82,-172.35 mineral acres in Colfax County.

The T.O. Ranch Company originally owned the property involved in this dispute. In 1963, it conveyed the following property to Alexander D. Thomson and Muriel L. Lynch Thomson (the Thomsons) by two Special Warranty Deeds:

> 25% of the minerals and mineral rights owned by the grantor relating to, within, upon, or underlying the real estate described on the exhibit attached hereto, * * * including, without limitation, oil, gas, and all other minerals of any type or character whatsoever, non-participating.

T.L. Roach, Jr., Rosemary J. Roach, J.A. Whittenburg, III, Jeanne P. Whittenburg, Sybil B. Harrington, and the Don and Sybil Harrington Foundation, Inc., (the Roaches) subsequently acquired the surface and remaining mineral interest in the property. In 1977, the Roaches executed two oil and gas leases with lessee, third-party defendant-appellee Public Lands Exploration, Inc. (Public Lands). Public Lands then assigned these leases to HNG. By the terms of the leases, the lessee is required to pay $1 per acre in delay rentals annually. HNG paid delay rentals to the Roaches for the lease years 1978–79 and 1979–80. The Thomsons received no portion of these delay rentals. Prior to the payment date for the 1980–81 delay rentals, the Thomsons advised HNG that they *each* claimed a 25% interest in all bonus and delay rentals that were due on or before September 1, 1980. To protect itself from possible multiple liability or lease termination, HNG sought and received a court order permitting it to unconditionally tender into the registry of the court the sum of $82,172.35 in full and complete satisfaction of its obligation to pay delay rentals for the year 1980–81. HNG interpled the Thomsons and the Roaches as defendants pursuant to N.M.R.Civ.P. 22, N.M.S.A.1978 (Repl.Pamp.1980), seeking a determination of each party's share of the delay rentals.

Each lease contains a non-warranty clause which provides that the Roaches do not warrant title and that HNG must bear the burdens attendant to determining or defending title or interests in the lands and minerals.

The district court (1) determined that the Thomsons are entitled only to share in production and royalties but have no interest in bonus or delay rentals and no right to execute leases, (2) cancelled the two leases, and (3) dismissed the Thomsons' claim against Public Lands. It awarded the Roaches costs against HNG and the Thomsons jointly. It further awarded Public Lands costs against the Thomsons. We affirm the trial court as to the amount of Thomsons' interest and the dismissal of the claim against Public Lands but reverse as to the cancellation of the leases. We remand to the trial court for further proceedings consistent with this opinion.

The issues on appeal are: (1) whether the Thomsons' interest entitles them to receive a share of bonus and delay rentals and to participate in lease execution, (2) whether interpleader is the correct procedure for HNG to use since it contends that the Thomsons have an interest in production only, (3) whether HNG breached the non-warranty clause in the leases by interpleading the Roaches, and (4) whether the trial court erred in dismissing the Thomsons' claim against Public Lands and in awarding costs to Public Lands.

I

The district court held in its judgment and decree that the Thomsons are entitled to share only in production of and royalties from the minerals and mineral rights on the lands in question, but do not have the right to negotiate or to execute leases, nor do they have the right to participate in lease bonuses or delay rentals.

The Thomsons have an interest in the minerals and mineral rights relating to,

within, upon, or underlying the real estate. The parties agree that this interest is a mineral interest rather than a royalty interest. A royalty interest is an interest only in production of minerals. 1 H. Williams & C. Meyers, Oil and Gas Law § 301 (1981). A mineral interest is a grant or reservation of real property. *Duvall v. Stone,* 54 N.M. 27, 213 P.2d 212 (1949).

None of the parties dispute that the Thomsons' 50% non-participating interest entitles them to only 50% of the ⅛ royalty provided for in the leases, sometimes called a 50% mineral interest or 50% *of* royalty interest. *See Lanehart v. Rabb,* 63 N.M. 359, 320 P.2d 374 (1957), *overruled on other grounds,* 93 N.M. 135, 597 P.2d 745 (1979). The issue disputed by the parties is the meaning of a "non-participating mineral interest."

■ A mineral interest includes the following incidents: the right to receive bonuses, delay rentals, and royalties; the right to execute oil, gas, and mineral leases; *Duvall v. Stone, supra; Shepard v. John Hancock Mutual Life Insurance Co.,* 189 Kan. 125, 368 P.2d 19 (1962); and the right of ingress and egress to explore for and produce oil and gas; *Cormier v. Ferguson,* 92 So.2d 507 (La.App.1957); *Jolly v. Wilson,* 478 P.2d 886 (Okl.1970); 1 H. Williams & C. Meyers, *supra.* A mineral interest may be created and, by appropriate language in the deed, be stripped of one or more of its normal incidents. *Shepard, supra; Westbrook v. Ball,* 222 Miss. 788, 77 So.2d 274 (1955); *see Jolly v. Wilson, supra.*

■ The question therefore is what incidents were removed from the Thomsons' mineral interest by the restriction that it be "non-participating." The term "non-participating royalty" has a well-understood meaning in oil and gas law, entitling its owner to a share of gross production but not to bonuses, delay rentals, the executive right, or the right of ingress and egress to explore for and produce oil and gas. *Federal Land Bank of Houston v. United States,* 144 Ct.Cl. 173, 168 F.Supp. 788 (1958); *Schlittler v. Smith,* 128 Tex. 628, 101 S.W.2d 543 (1937); *Arnold v. Ashbel Smith Land*

*Company,* 307 S.W.2d 818 (Tex.Civ.App. 1957) (writ ref'd n.r.e.). Terminology that appears to create a "non-participating mineral interest" usually has been construed to create a royalty interest. 1 H. Williams & C. Meyers, *supra,* at § 307.4. However, it has been held that the parties to a deed may create a mineral interest that does not share in bonuses or delay rentals and does not have the right to execute leases or the right to explore for and produce oil and gas. *Swearingen v. Oldham,* 195 Okl. 532, 159 P.2d 247 (1945); *cf. Picard v. Richards,* 366 P.2d 119 (Wyo.1961) (applying "non-participating" broadly to both royalty and mineral interests). In *Swearingen,* the court relied on parol evidence to determine that the intent of the parties had been to create a mineral interest which reserved ¹⁄₁₆ or the ⅛ royalty to the grantor but which conveyed to the grantees the right to execute leases and to collect rentals and bonuses. In the instant case, the trial court relied on parol evidence to determine what the parties understood "non-participating" to mean. Parol evidence may be relied upon to explain ambiguities in a written document. *Maine v. Garvin,* 76 N.M. 546, 417 P.2d 40 (1966). The court did not err in holding that the term "non-participating" as used in the deed *in the instant case* means that the owner of such interest is not entitled to participate in executing leases and does not participate or share in bonuses or delay rentals.

## II

■ The district court held that interpleader was inappropriate because HNG requested a finding that the Thomsons' non-participating mineral interest did not share in delay rentals.

N.M.R.Civ.P. 22, N.M.S.A.1978 (Repl. Pamp.1980), provides, in part, that

[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that * * * the plaintiff avers that he is

not liable in whole or in part to any or all of the claimants.

Commenting on Fed.R.Civ.P. 22, which is almost identical to N.M.R.Civ.P. 22, Professor Moore noted that

> [i]t is therefore well settled that the right to interpleader depends merely upon the stakeholder's good faith fear of adverse claims, *regardless of the merits of those claims or what he believes the merits to be.* * * * A request for interpleader can, however, be denied at the first stage if the stakeholder's fear of multiple demands is not bona fide . . . .

3A J. Moore, Moore's Federal Practice ¶ 22.02[1] (2d ed. 1982) (emphasis added) (footnotes omitted); *see Union Central Life Ins. Co. v. Hamilton Steel Prod., Inc.,* 448 F.2d 501 (7th Cir.1971); *New York Life Insurance Company v. Welch,* 111 U.S.App. D.C. 376, 297 F.2d 787 (1961); *Bierman v. Marcus,* 246 F.2d 200 (3rd Cir.1957), *cert. denied sub nom. Milmar Estate, Inc. v. Marcus,* 356 U.S. 933, 78 S.Ct. 774, 2 L.Ed.2d 762 (1958); *Hunter v. Federal Life Ins. Co.,* 111 F.2d 551 (8th Cir.1940). Therefore, the fact that HNG contends it is not liable to the Thomsons is not ground for objection to the interpleader unless HNG did not in good faith believe the Roaches and Thomsons were making adverse claims to the fund in question. Because courts vary in interpretation of terms such as those used in the deed to describe the Thomsons' interest, 1 H. Williams & C. Meyers, *supra,* at § 304.-10; *see Cormier v. Ferguson, supra; Arnold v. Ashbel Smith Land Company, supra,* it is clear that HNG had a real and reasonable fear of exposure to double liability.

Other states have held that interpleader is appropriate in similar circumstances. *Citizens Nat. Bank of Emporia v. Socony Mobil Oil Co.,* 372 S.W.2d 718 (Tex.Civ.App. 1963) (writ ref'd n.r.e.); *Perkins v. Magnolia Petroleum Co.,* 148 S.W.2d 266 (Tex.Civ. App.1941). Therefore, HNG did not waive or forfeit any of its rights to interpleader by requesting a finding that the Thomsons' 50% non-participating mineral interest does not share in delay rentals.

### III

█ The district court held that, by interpleading the Roaches, HNG breached the non-warranty clause in the leases and the court therefore cancelled the leases. The non-warranty clause provides that

> Notwithstanding anything to the contrary expressed or implied in this lease, the Lessor does not warrant title to any of the lands or minerals, and Lessee accepts the lease with the exclusive responsibility to determine title as to any of such lands or minerals. Acceptance of payment does not imply warrant of title. The Lessee assumes responsibility for title examination of said lands and minerals and all burdens attendant to other title or interests in said lands and minerals.

There is a distinction in oil and gas law between a covenant and a condition. *Greer v. Salmon,* 82 N.M. 245, 479 P.2d 294 (1970). The non-warranty clause of this lease is an express covenant, and damages may lie if it is breached. It is not a condition which if not met will cause the lease to terminate. Cancellation for breach of a covenant may lie if damages are inadequate. R. HEMINGWAY, THE LAW OF OIL AND GAS § 8.11 (1971); *W.T. Waggoner Estate v. Sigler Oil Co.,* 118 Tex. 509, 19 S.W.2d 27 (1929). Damages would not be inadequate in the instant case. HNG did not seek to impose any burden on the Roaches but rather to receive clarification as to the entitlement of the parties to the delay rentals. Breach of the non-warranty clause may occur if HNG fails or refuses to pay any damages or costs incurred by the Roaches in defending this action. However, merely interpleading the Roaches did not constitute a breach of the leases. Thus, the trial court erred in cancelling the leases.

Because these leases are "unless" leases, they will terminate automatically in the event of an improper tender of delay rentals. *Phillips Petroleum Co. v. Curtis,* 182 F.2d 122 (10th Cir.1950). However, because HNG was entitled to file in interpleader, its deposit of the correct amount of delay rentals into the registry of the court was a

proper tender. The leases had not terminated automatically at the time this appeal was brought, as HNG was in substantial compliance with their terms. We remand to the trial court to determine the amount of damages. and costs incurred by the Roaches.

## IV

 The Thomsons appeal from the trial court's holding that, for lack of privity of contract, they failed to state a claim against Public Lands upon which relief could be granted.

Public Lands was a party to the leases and paid delay rentals pursuant to them prior to their assignment to HNG. However, the Thomsons were never parties to the leases and, as holders of a non-participating interest, they had no privity of contract with Public Lands. Therefore, the Thomsons could not maintain an action against Public Lands. *Staley v. New,* 56 N.M. 756, 250 P.2d 893 (1952). The trial court's holding on this issue is accordingly affirmed.

## CONCLUSION

For the foregoing reasons, we hold that the Thomsons' 50% non-participating mineral interest entitles them to 50% of the ⅛ royalty under the mineral leases and that the Thomsons do not have the right to participate in bonuses or delay rentals, the right to execute leases, or the right of ingress and egress to explore and develop the land and minerals. We further hold that the trial court erred in cancelling the leases. This case is remanded for a determination of damages and costs. We affirm the trial court as to its dismissal of the claim against Public Lands and as to its award of costs.

This cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.