ANTELOPE PRODUCTION COMPANY, A CORPORATION, APPELLANT, V. SHRINERS HOSPITAL FOR CRIPPLED CHILDREN, A COLORADO CORPORATION, APPELLEE.

464 N.W.2d 159

Filed January 4, 1991.    No. 88-896.

Brian Cook, of O'Brien, Huenergardt & Cook, for appellant.

George P. Burke, of Van Steenberg, Myers, Burke & Wilson, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Appellant, Antelope Production Company, brought a declaratory judgment action to determine whether a certain deed conveyed to defendant-appellee, Shriners Hospital for Crippled Children, the right to execute oil and gas leases. The district court determined that the deed gave Shriners Hospital such a right; Antelope Production has appealed, claiming that the district court erred in so ruling. We affirm.

This case calls upon us to interpret language contained in a warranty deed to a tract of land in Kimball County, Nebraska, executed on September 27, 1965. Shriners Hospital is the successor in interest to an undivided one-third of the grantor's reserved or excepted interest. Antelope Production holds an oil and gas lease from the successors in interest of the grantee. This lease applies to one-third of the tract conveyed in 1965. Antelope Production's lease has been ratified by the successors of the remaining interest of the grantor, but not by Shriners Hospital.

The deed contains the following provision:

Grantor expressly reserving unto themselves an undivided one-half interest in the oil, gas and other minerals in, on and under said real estate provided, however, grantee, its successors and assigns, shall have the right to have and receive all of the bonuses and delay rentals which may result from the oil and gas leases executed on and after August 12, 1960 with reference to the real estate above described or any portion thereof and such shall be true notwithstanding the reservation herein of an undivided one-half interest in the oil, gas and other

minerals by the grantor . . . .

In the oil and gas field, a "bonus" is the payment made by the lessee as consideration for the lessor's execution of the lease. H. Williams & C. Meyers, Oil and Gas Terms (6th ed. 1984). A "delay rental" is the consideration paid by the lessee to the lessor in return for permission to delay drilling or production. *Id.*

It is generally recognized that there are four distinct incidents to ownership of a mineral estate which relate to leases. These are the right or power to lease (the executory right), the right to bonuses, the right to delay rentals, and the right to royalties. 1 E. Kuntz, A Treatise on the Law of Oil and Gas § 15.1 (1987); R. Hemingway, The Law of Oil and Gas §§ 2.2 through 2.5 (2d ed. 1983). These rights may be separately alienated. See, e.g., *Westbrook v. Ball*, 222 Miss. 788, 77 So. 2d 274 (1955).

In construing a deed, it is the duty of the courts to carry into effect the true intent of the parties as far as it can be ascertained from the entire instrument and as far as that intent is consistent with the rules of law. Neb. Rev. Stat. § 76-205 (Reissue 1990); *Elrod v. Heirs, Devisees, etc.*, 156 Neb. 269, 55 N.W.2d 673 (1952); *Maxwell v. Hamel*, 138 Neb. 49, 292 N.W. 38 (1940). The only evidence we have of the parties' intent is the language of the provision in the deed and the essentially identical language contained in the sales contract and in the minutes of the grantee corporation. While deposition testimony attests that the sales contract was either prepared or reviewed by one of the owners of the grantee corporation, who had experience with oil and gas law, the nature of the testimony is so tentative that it, even if a proper part of the evidence, sheds little or no light on the intent of the parties. We therefore base our determination solely on the language of the deed.

The issue before us is whether, under a deed excepting from its operation an undivided interest in minerals in, on, and under a tract of land, which exception expressly gives the grantee "the right to . . . all of the bonuses and delay rentals" but is silent as to the right to execute oil and gas leases for the grantor's interest, the right to execute such leases is held by the grantor or the grantee. To put this in simpler terms, does a grant of the rights to bonuses and delay rentals raise an inference that the

right to execute oil and gas leases was also conveyed?

Although courts in other jurisdictions have addressed this question, this is the first time this court has been faced with interpreting such a provision. The courts which have explored this area have reached conflicting results and were so doing before the deed in this case was drafted. Some of these courts have determined that a grant or reservation of the right to bonuses and delay rentals carries with it the right to execute oil and gas leases. See, e.g., *Anderson v. Mayberry,* 661 P.2d 535 (Okla. App. 1983); *Hudgins v. Lincoln National Life Insurance Company,* 144 F. Supp. 192 (E.D. Tex. 1956); *McVey v. Hines,* 385 P.2d 432 (Okla. 1963). Others have concluded that the grant or reservation of the bonus and delay rental rights does not imply a grant or reservation of the executive right. See, e.g., *Day & Co. v. Texland Petroleum,* 786 S.W.2d 667 (Tex. 1990); *Thornhill v. System Fuels, Inc.,* 523 So. 2d 983 (Miss. 1988); *Martin v. Snuggs,* 302 S.W.2d 676 (Tex. Civ. App. 1957); *Westbrook v. Ball, supra.* Jurisdictions which imply the grant of the executive right incident to a grant of bonus and delay rental rights will, however, permit the separation of these rights if the instrument clearly indicates such an intention. 1 E. Kuntz, *supra,* § 15.7.

Commentators support the *Westbrook* line of cases and argue that the executive power (as well as the other incident rights) should be assumed to remain with the mineral interest unless expressly severed or excluded. See, R. Hemingway, *supra,* § 2.7(I); 1 E. Kuntz, *supra,* § 15.7; H. Williams & C. Meyers, Oil and Gas Law § 304.10 (abridged ed. 1984); Blass & Richey, *An Analysis of the Rights and Duties of the Holder of the Executive Right,* 41 Miss. L.J. 189 (1970). This approach is consistent with the provisions of Neb. Rev. Stat. § 76-104 (Reissue 1990), which states that an otherwise effective conveyance of property transfers the entire interest of the grantor unless an intent to transfer a lesser interest is effectively manifested, and with the provisions of Neb. Rev. Stat. § 76-106 (Reissue 1990), that an otherwise effective reservation of property by the grantor reserves the interest the grantor had prior to the conveyance unless an intent to reserve a different interest is effectively manifested. Since the rule that in the

absence of a clear expression of intent to the contrary the executory right remains with the interest to which it is incident is supported both by our statutory guidelines for the construction of deeds and by scholarly opinion, it is the rule we should, and do, adopt.

Applying this rule to the deed before us, we conclude that the executory right as to the grantor's undivided one-half interest remained with that interest and was not transferred to the grantee incident to the grant of the rights to bonuses and delay rentals. Shriners Hospital, as a successor in interest to the grantor, holds the executive power for its interest.

The judgment of the district court, being correct, is accordingly affirmed.

AFFIRMED.